Per curiam.
The defendant covenanted to procure for the plaintiff within a given time, or on demand thereafter, a leafe for certain lands, three years free of rent, then to pay the intereft of £-160 annually, for ten years, in lieu of rent, and at the expiration of that period, to have a conveyance of the fee on payment of the principal fum,in default whereof, twQ *48 notes of fixty pounds each, given by the plaintiff to the defendant; were td be void. The plaintiff made certain payments in money and farm ftock to the defendant, who failed to perform his covenant and the plaintiff thereupon, brought alíumpfit; and the queftion now is, whéther the adtion will lie or the plaintiff be cbtiapelled to refort to his covenant. This cafe is fd loofely drawn that it fcarcely affords Fufficient ground for a deciildn. It is not ftated for what the notes, monéy or ftock were giveii; prefuming them to have been the confideration of the covenant, the queftion then will be whether the defendant having failed to pérform on his part, the plaintiff may difafErm the contradi and refort to his affumpfit to recover back what he had" paid. We are of opinion he had his eledtion either tó proceed on the covenant and ; recover damages for the breach, or to difafErm the contradi* and bring aftiimpfit to recover back what he had paid on a fconfideration which had failed. Judgment therefore muft be for the plaintiff.
Livingfton J. Two queftions were fubmitted td us in this cale. 1. Do the terms of the contradi import á covenant ? 2-. Can "the plaintiff wáive covenant, and bring aftiimpfit t@ recover the confideration paid for the land ?
In anfwer to the firft it is only neceffary tó fíate, that the defendant “ binds himfelf” under feal to procure for plaintiff a certain lot of land, and “ promifes” td deliver the leafe by á certain day. The words ct bind and prOmife” create a covehant as firohg as any which could have been ufed.
It follows then that an adtion of covenant will lie tin the ihftrumeht oil Bentley’s non-performance, to recover back all that has been paid. When that is the cafe the party muft rely on the fectirity he has taken, there being no liecefEty for the law to imply a promife different from the one contained in the terms of the contradi. Promifes in law exift only where there is no exprefs ftipulation between the parties—thus in 2 Térni. Rep. i 00,* where a furety had taken a bond of indemnity from his principal he was not permitted to refort tó an adtion of affumpfit for the money he had paid. This is á ftrotiger cafe, for if the prefent fuit be maintainable for the money paid iñ confequénce of this covenant, I fdc nothing fd prevent the plaintiff from bringing an adtion on the inftrument *49 Melf, for other damages which may have been fuftained by the defendant’s non-performance, and thus fubjeéting him to two fuits for a compenfation which might have been obtained in one—for thefe reafons I think it more fafe to adhere to the rule which confines a man to the fecurity he has taken, than to depart from it, merely becaufe the merits may be with the plaintiff. The cafe of D’Utricht v. Melchor, i Dali. 428. cannot be law. In my opinion there ihould be judgment for the defendant.