## DOUGLASS *against* WAER.

A person who is compelled to pay money in consequence of a breach of covenant by another, may recover it back from such person, either in an action of assumpsit or covenant, at his election. The giving of a promissory note is sufficient proof of such payment.

ASSUMPSIT for money paid, laid out, and expended by the plaintiff, for the use of the defendant.

Plea, the general issue.

In the year 1801, Waer, the defendant, made a lease of certain premises for twenty-one years to one Harris, which lease contained a covenant for quiet enjoyment. A short time after the making of that lease, Harris died, leaving a widow, who intermarried with the plaintiff. In the year 1805, an ejectment was brought for the premises by one Myers, against the plaintiff, who was then in possession. The plaintiff gave notice of the ejectment to Waer, who agreed to defend the suit, and did thereupon actually employ an attorney for that purpose. Douglass, however, was ejected, and, while in custody upon an execution for the costs, gave to the plaintiff in ejectment his note payable in two years, in satisfaction of those costs, and was thereupon discharged from custody. This action was brought to recover the amount of the costs of the ejectment paid by the plaintiff's note.

*Emmet*, for the defendant, raised two objections to the plaintiff's recovery. 1st. That the plaintiff could not call upon the defendant to reimburse as to the costs of the eject-

ment, without proving the actual payment of the note given by him for those costs. 2d. That the plaintiff had mistaken his action, that if an express promise to pay the costs had been proved; that promise would have been valid on account of the previous liability, and assumpsit would then have been a correct remedy; but that here the plaintiff, proceeding upon the defendant's general liability, ought to have brought his action upon the covenant for quiet enjoyment.

SPENCER, J.   The plaintiff's liability upon the note given by him for the costs to the plaintiff in ejectment, is sufficient to entitle him to maintain his present demand.   And this demand may well be enforced in an action of assumpsit, for whenever a person covenants, and the covenantee has paid money in consequence of a breach of such covenant, under the authority of the case of *Weaver* v. *Bentley*, (1 Caines, 47,) he may elect to proceed either in assumpsit or covenant to recover the money so paid.

In the present case, I am inclined to think that, to entitle the plaintiff to a recovery, a mere notice to the defendant that an ejectment had been brought would have been sufficient.

Verdict for plaintiff.(1)

*Morrell* and *Wilkins*, for plaintiff.

*Harris* and *Emmet*, for defendant.

(1) A distinction seems to be taken in the books, upon the first point made by the defendant's counsel, between a payment by negotiable paper, and a payment by a bond.   When the payment is made bv negotiable paper, the

Douglass v. Waer.

action for money paid, it is said, may be sustained: the giving of such paper being equivalent to the payment of money. *Barclay et al.* v. *Gooch*, 2 Esp. N. P. Cases, 571. But when the payment is made by a bond, the action for money paid cannot be sustained until the bond is paid. *Cuming* v. *Hackley*, 8 Johns. 205; *Taylor* v. *Higgins*, 3 East, 169; *Maxwell* v. *Jameson* 2 Ald. & Barn. 51.

The supreme court, in the case of *Cuming* v. *Hackley*, recognize the distinction between a payment by note, and a payment by bond, without exactly adopting it; merely observing that there may be some reason for it, for otherwise a party might be obliged to pay a debt twice, if the paper should pass into the hands of an innocent indorsee. The only cases to be found in the English books, in support of the distinction, are the two above cited, from 2 Esp., and 3 East The case of *Barclay* v. *Gooch*, in Esp., was an action of assumpsit for money paid to the use of the defendant. The plaintiff had paid the money by a promissory note, which the creditor had accepted in full satisfaction. Mingay contended, that the giving a note for money due by the defendant to third persons, was not sufficient to sustain the action. But Lord Kenyon ruled, that the creditors having consented to take the note from the plaintiff, it was as payment to them of the money due by the defendant; it was payment of money to his use, and so the action was maintainable. In the case of *Taylor* v. *Higgins*, (3 East, 169,) the court held the giving of a bond, not to be such a payment as to sustain the action for money paid. And Lord Ellenborough, in deciding that case, seems rather to doubt the case of *Barclay* v. *Gooch*. He observes, " supposing even the case of the note of hand, or bill of exchange, as the current representative of money, to have been rightly decided; still this security, consisting of a bond, &c., is not the same as that, and is nothing like money." In the case of *Thacher et al.* v. *Dinsmore*, (5 Tyng. 302,) cited in support of the distinction in *Cuming* v. *Hackley*, and also in *Hoar* v. *Clute*, (15 Johns. 224,) a negotiable instrument seems to be considered payment, not on the ground, assumed by Lord Kenyon, of the assent of the creditor, nor on the ground suggested by Lord Ellenborough, of its being the current representative of money, but on the ground of its being a discharge of the simple contract debt. These grounds, however, do not seem altogether sufficient to build up the distinction attempted to be established. With the exception of the suggestion of Lord Ellenborough, they apply with equal force to the case of payment by a bond; for, in that case, there is the assent of the creditor to receive it in payment, which so far fully meets the ground of Lord Kenyon's decision, and there is a complete merger of the simple contract, which meets the cases of *Thacher* v. *Dinsmore*, and *Hoar* v. *Clute*. Upon the whole, therefore, when we consider the technical nature of the action for money paid, there is much

Douglass v. Waer.

room to doubt the accuracy of Lord Kenyon's decision. His doctrine has not yet been sanctioned by any express decision of the supreme court, although it must be admitted, that they seem to intimate their approbation of it, in the cases of *Cumings* v. *Hackley*, and in *Hoar* v. *Clute*.

The second point raised by the defendant's counsel, as to the form of action, is also not without its difficulties.

There are but two cases which seem to support the learned judge on this head, (*Weaver* v. *Bentley*, 1 Caines, 47,) on which he grounds his opinion, and *D'Utrecht* v. *Melchior*, 1 Dall. 426.    *Weaver* v. *Bentley*, was an action of assumpsit, to recover back the consideration money paid upon an agreement under seal, to procure a lease of certain lands for the plaintiff, upon certain terms, and a conveyance in fee of the same lands, after the expiration of tho lease.    Here, the defendant having failed to fulfil his contract, the court held, that the plaintiff had his election, either to proceed on the covenant to recover damages for the breach, or to disaffirm the contract, and bring assumpsit to recover back the money paid, on a consideration which had failed. *D'Utrecht* v. *Melchior*, was also an action of assumpsit to recover back the consideration money paid upon the conveyance of certain lands, which lands, upon inquiry, according to the description in the deed, could not be found. In this case, the court held the action sustainable, that it was competent to the plaintiff to prove that the defendant obtained the money by mistake, imposition or deceit, and that the deed, which was not the immediate foundation of the suit, might be read to prove the alleged mistake, imposition or deceit.    In the case of *Weaver* v. *Bentley*, Livingston, J., dissented, and denied the case of *D'Utrecht* v. *Melchior*, to be law.    He held, that when an action of covenant would lie upon an instrument, and the plaintiff could obtain redress in that form of action, the party must resort to the security he had taken, there being no necessity for the law to imply a promise, different from the one contained in the terms of the contract.    That he saw nothing to hinder the plaintiff from bringing an action on the instrument itself, for other damages, which might have been sustained by the defendant's nonperformance, and thus subjecting him to two suits for a compensation, which might have been obtained in one.

It is manifest, that both of these cases were decided on the ground of plaintiff's right to disaffirm an unexecuted contract.    3 Johns. 509.    But, in the present case, the learned judge seems to have gone much further: here the contract was executed, and if assumpsit can be maintained in such a case upon an eviction, the covenants in a deed would seem to be unimportant. The true rule, in cases of executed contracts under seal, seems to be correctly expressed by Mr. Chitty in his treatise on pleading.    He there observes, " when a party has a security of a higher nature, he must found his action

Douglass v. Waer.

thereon; and, as the law has prescribed different forms of action, on different securities, assumpsit cannot, in general, be supported, when there has been an express contract under seal; but the party must proceed in debt or covenant, even though the debtor, after such contract were made, expressly promised to perform it. 1 Chitty on Pleading, 94; 2 Com. on Con. 561; Str. 1027. This decision at *Nisi Prius*, however, seems to have been acquiesced in by the counsel for defendant, who never moved it at bar.

The Code of Procedure, adopted in the state of New York, in the year 1848, professes to have broken down all the boundaries between actions known to the common law, and provides that there shall be, in this state, hereafter, but one form of action for the enforcement or protection of private rights, and the redress of private wrongs, which shall be denominated a civil action. Code Proc., sec. 69. It has, however, been decided on this section, that although the forms of action are abolished, the principles, which govern them, are retained. *McMasters* v. *Booth*, 4 Prac. Rep. 427, 428.