By the Court—Woodruff, J.
1. We are not able to perceive that the first count in the present complaint (upon which alone the plaintiff has recovered judgment) is defective in any substantial particular.
It alleges that the defendants were employed by the plaintiff as his agents to purchase stock for him; that they made such purchase for the plaintiff and on his account; that afterwards, an account of such purchase was stated, and a settlement thereof was made between the vendor and the defendants as such agents, by which the vendor was found indebted to them as such agents in a sum named, which indebtedness such vendor paid by delivering to the defendants, as such agents, four promissory notes of Jacob Little & Co., which notes the defendants received for the plaintiff and held as his agents, and which have been" paid to them at their maturity, and that they have not paid over the money received thereon, but refuse so to do.
This is a sufficient statement of facts, showing that the defendants have received money to the use of the plaintiff, which they are bound to pay over to him.
The criticism which the counsel for the appellants applies to this count, is in substance that it does not appear by the allegations how the vendor of stock could or did become indebted to the vendee, and therefore it does not appear that the plaintiff was, at the time of the settlement with the vendor, entitled to receive any notes or money from him, and if not, he could not be entitled to receive any from his agents in the transaction.
Several answers may be given to this objection: First. It is averred that the vendor was found indebted and actually paid the notes to the defendants, as his agents, and they received the *36 notes for him. If so, they are liable to account for them, and for their proceeds; and the particular circumstances which formed the consideration of such vendor’s indebtedness, w'hether his refusal to deliver, or an over-payment of purchase money, or other fact, are quite immaterial. The indebtedness was conceded by such vendor, and the amount was paid to the defendants for the plaintiff’s use, and they clearly, upon these facts, have no right to retain it. Second. Under our former system of pleading, averments that the parties accounted together of and concerning dealings which they had had together, and on such accounting the defendant was found indebted to the plaintiff in a sum named, which he promised to pay, and yet neglected and refused, &c., were a good statement of a cause of action, without giving the particulars of the dealings or stating how the indebtedness arose. We incline to think such averments would constitute a sufficient complaint now, and much more are averments of such a settlement by the plaintiff’s agent with a third person, upon which such agent received money for the plaintiff, good in an action to recover the money from the agent. Third. We' apprehend that averments that a third person paid money to the defendant as the plaintiff’s agent, (or notes upon which the money was paid,) for and on account of the plaintiff, and that such defendant received it for him, but refuses to pay it over, would constitute a sufficient complaint without stating at all the consideration which moved such third person to pay over the money. If it was a mere gratuity, the defendant could not, on that ground, refuse to pay it to the plaintiff.
And finally, if any particulars were desired by the defendant, for the purpose of identifying the transaction and apprising him of the precise nature and ground of the claim, (which, however, does not appear necessary in this case,) he should have sought those particulars by motion for an order to make the complaint more definite and certain, under section 160 of the Code.
2. We do not think it necessary to consider whether the referee erred or not in finding that the defendants had no lien upon the notes in controversy as collateral security; nor whether the assignment made by them to Teackle of their account against the plaintiff, gave Teackle an equitable right to the note which at that time remained in the defendants’ hands unpaid. For in *37 the view we take of the effect of that transaction and the settlement of the action which he brought, no determination of those questions can affect the result of this suit.
The claim of the defendants is that by the settlement with Teackle the plaintiff lost all title to the proceeds of the note now in question.
This claim is clearly no stronger than it would be if there had been no assignment of the defendants’ account to Teackle, but the defendants had themselves brought their own action to recover the balance alleged to be due, and he made the same settlement which he made. The case would stand thus:
On the 18th of May, 1853, the defendants sue the plaintiff to recover an alleged balance of account amounting to $2,582.78. The plaintiff defends on various grounds the entire claim, and alleges that on the previous 23d of April these defendants received the proceeds of the third note, and claims to set off the amount. At this time, although these defendants held in their possession another (and fourth) note belonging to the plaintiff, yet it was not due and it could not be the subject of set-off against the account sued upon. The action so brought aud defended is afterwards settled by a payment of a portion of the amount claimed which is received, not in full of all claims and demands, &c., between the parties, but “ in full of the account and demand sued upon.”
It seems to us hardly possible gravely to insist that this settlement embraced for any purpose anything except the matters alleged in the pleadings .in that action, even if its effect can be extended beyond the mere “account ” of the defendants.
The settlement of that action, under the circumstances stated, operated upon the other relations between the parties just as the payment of the claim in full would have done, by the very terms of the settlement the account and demand sued upon were satisfied. And to that satisfaction nothing was applied except the matters then in controversy and the further payment then made.
It follows necessarily that so soon as the account of the defendants was paid, and in like manner so soon as it was satisfied by the accounting and settlement and the payment made thereon, the present plaintiff was entitled to receive from the defendants whatever property they held belonging to him, (not included in *38 the said account nor referred to in that action,) whether the defendants had theretofore had a lien thereon or not. And therefore if the fourth note had not been paid the plaintiff might have demanded the delivery to him of the note itself and might have maintained an action to recover it, for the plain reason that the defendants’ lien (if any they once had) was satisfied and extinguished.
The money having been received pending the former suit, and not having been taken into view or embraced in the settlement, was the money of the plaintiff held by the defendants in place of the note itself.
As above suggested, the fact that the former action was prosecuted by the defendants’ assignee does not affect this view of the plaintiff’s rights. Even if Teackle would have been entitled (had no settlement been made) to require the defendants to pay over to him the proceeds of the note by reason of a supposed lien thereon to cover the balance of the assigned account, still the note never in fact went into his possession. The money was never paid to him. By the settlement all his title to the note and to the money was extinguished if he had any. And the money remained in the defendants’ hands to the use of the plaintiff, which the defendants had no right to retain, and upon which Teackle had no claim nor any lien.
The judgment should be affirmed.
Judgment affirmed, with costs.