IRA LINDSLEY, Respondent, *v.* DANIEL FERGUSON et al., Appellants.

One L. made a parol contract with defendants, F., S. and R., to sell them certain real estate of which he owned seven-eighths; notes were to be given for a portion of the purchase-money; these were executed and placed in the hands of B. to be delivered to L., when he procured and delivered a deed of the other one-eighth, and when he procured a release of a judgment against F., and also delivered a deed of the seven-eighths. Thereafter defendants, S. and R., induced by fraudulent representations of L., that he had procured and delivered to F. the deed for the one-eighth and the release, received the deed of the seven-eighths and directed B. to deliver the notes, which was done. One of these was transferred to plaintiff with knowledge of the facts, and is the note in suit. The defendants entered into possession of the land upon delivery of the deed, and retained and cut timber thereon after discovery of the fraud. *Held,* that defendants by retaining the land after the discovery of the fraud affirmed the contract and made the notes valid obligations.

(Argued June 3, 1872; decided June 11, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial district, affirming a judgment in favor of plaintiff entered upon decision of the court at Circuit upon trial without a jury.

The action was upon a promissory note made and executed by defendants, Daniel Ferguson, Benjamin C. Starbuck and Joseph Russel, indorsed by the other defendants.

The facts sufficiently appear in the opinion.

*Samuel Hand* for the appellants. The consent of Starbuck and Russel to the delivery of the note did not bind Ferguson. (*Blake* v. *Vanderhyden,* 1 Paige, 385.) Plaintiff's right to notes depended upon the performance of the conditions. (*Grant* v. *Johnson,* 1 Seld., 252–254; *Dey* v. *Dey,* 9 Wend., 134.) The note had no legal existence. (*Artcher* v. *Whalon,* 1 Wend., 181.) Where note is delivered as an escrow and is fraudulently put in circulation, there can be no recovery thereon. (*Vallet* v. *Parker,* 6 Wend., 620; *Woodhull* v. *Holmes,* 10 J. R., 231; *Cary* v. *Warren,* 3 J. Cases, 260; *Solo-*

*mon* v. *Bank of England,* 13 East., 134.) Even where note is delivered on condition, until performance a recovery thereon can be defeated. (*Seymour* v. *Cowing,* 1 Keyes, 532–536; *Miller* v. *Gamble,* 4 Barb., 146.) This note was delivered as an escrow. (*Clark* v. *Gifford,* 10 Wend., 310.)

*Isaac Mott* for the respondent. A party cannot affirm in part and rescind in part. (*Wheaton* v. *Baker,* 14 Barb., 594; *Lewis* v. *McMillen,* 41 id., 420; *Tompkins* v. *Hyatt,* 28 N. Y., 347.) Having retained the deed and possession after knowledge of the fraud, defendants cannot now allege it. (*Sweetman* v. *Prince et al,* 26 N. Y., 224.) Nothing short of an eviction can be pleaded as a bar to the action. (*Lamerson* v. *Marvin,* 8 Barb., 9; *Masson* v. *Bovet,* 1 Den., 69; 41 Barb., 420.)

Grover, J. The legal conclusion of the judge, from the facts found by him, that the fraud practiced by Henry Lindsley, in procuring the delivery of the note in suit, did not constitute a bar to a recovery thereon, was correct. The substance of such facts was, that in July, 1867, Lindsley made a parol contract to sell to the defendants, Daniel Ferguson, Benjamin C. Starbuck and Joseph Russell, two hundred and ninety-two acres of land, and to convey the same to them by a warranty deed before the first day of January thereafter, for which they agreed to pay him eight thousand dollars, two thousand on the first day of August thereafter, and for the balance give him three promissory notes, payable at the times and for the several amounts specified in the agreement. That notes, including the one in suit, were executed and by agreement were placed in the hands of Mr. Brown to deliver to Lindsley when he procured a deed to himself from Joseph Ferguson, who owned an undivided eighth of said land, and had procured and delivered to defendant Ferguson a release of a verdict which had been obtained against him in the Supreme Court, and had executed and delivered a deed of the land pursuant to the contract. That thereafter Lindsley fraudu-

lently represented to Brown and defendants Starbuck and Russell, that he had obtained a deed of the eighth and had procured and delivered the release of the verdict pursuant to the agreement, and thereupon executed and delivered the deed to the defendants, who, confiding in the truth of the representations, accepted the deed and directed Brown to deliver the notes to Lindsley, which he did in compliance with such directions. That the defendants had entered into possession of the land before the delivery of the deed, and retained such possession and cut timber on the land after the discovery of the fraud practiced by Lindsley, and kept the deed and possession of the land down to the time of the trial. That the plaintiff had notice of all the facts at the time he obtained the note from Lindsley.

It is obvious that the previous parol contract does not affect the question. The rights of the parties are the same they would have been had the entire negotiation for the purchase taken place at the time the notes and deed were delivered and the fraud practiced. The circumstance that the notes had previously been delivered to Brown, to be by him delivered to Lindsley, is not material. The case comes to this: Lindsley having title to seven-eighths of the land, fraudulently represents to the defendants that he has title to the whole. That he has procured a discharge of a verdict against one of them, and they agree to give him eight thousand dollars for the land and the discharge. He thereupon executes and delivers to them a deed effective to vest in them the title to seven-eighths of the land, and they give him their notes for the purchase-money. The question is, can the defendants retain the land and pay no part of the purchase-money. This would be the result of holding that the fraud practiced was a bar to an action upon the notes. The statement of the question makes the answer obvious.

The defendants, upon the discovery of the fraud, had an election either to rescind the contract, restore to Lindsley what they had received, and thus put an end to it, or to

affirm the contract, retain the title to that portion which passed to them under the deed, and recover from Lindsley the damages sustained by the fraud. (*Lewis* v. *McMillen*, 41 Barb., 420; *Wheaton* v. *Baker*, 14 id., 594; *Masson* v. *Bovet*, 1 Denio, 69; *Tompkins* v. *Hyatt*, 28 N. Y., 347.)

The defendants did not insist upon the trial upon any counter claim by reason of the fraud. The only question made and decided was whether the fraud barred a recovery upon the note. If the defendants had not received the deed giving them an interest in the land, the argument of the counsel for the appellants and the authorities cited would have conclusively shown that Lindsley had acquired no title to the note, but this fact renders them inapplicable. The judge properly excluded the evidence that Lindsley had, after the commencement of the suit, perfected the title to the land and procured the discharge of the verdict, as his right of recovery must exist at that time, but such right was shown independent of this evidence. The defendants, by retaining the land after discovery of the fraud, affirmed the contract, and thereby made the notes valid obligations.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.