JOHN HENRY, RESPONDENT, *v.* DANIEL M. DALEY, APPELLANT.

*Surety — cannot set up defences personal to his principal.*

In an action to recover the amount provided to be paid by a contract of sale, brought by the vendor against the surety for the vendee, the surety cannot counter-claim damages for a breach of warranty by the vendor, or set up that the contract was procured through fraud; such defences are personal to the vendee.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover the amount agreed to be paid for the transfer by the plaintiff's assignor to one Bloomer (for whom the defendant was surety,) of a certain milk business in the city of Poughkeepsie. Among other defences the defendant set up that the plaintiff's assignor induced said Bloomer to enter into the contract by making certain false representations as to the extent of the business, and also alleged that the plaintiff's assignor had made a certain warranty as to the extent of such business, which was false.

*J. S. Van Cleef,* for the appellant.

*Wm. R. Woodin,* for the respondent.

GILBERT, J. :

On the 4th of April, 1878, one Bloomer and the assignor of the plaintiff entered into a mutual contract under seal, whereby the former sold to the latter "a milk route" in Poughkeepsie, with the good will thereof, and certain chattels connected therewith, and guaranteed that on said milk route he had been and was selling 150 quarts of milk per day, and he agreed not to sell or be interested in selling sweet milk in Poughkeepsie while Bloomer remained in business. In consideration thereof Bloomer agreed to purchase said property, and to pay $100 in cash on the 25th of said April, and $100 by a good endorsed note, payable in three months. The defendant on said 4th of April became surety for the faithful performance of Bloomer's covenant. Thereupon the contract was executed by the plaintiff's assignor by turning over to Bloomer the milk route and chattels sold, so far as appears, and he has remained in the enjoyment thereof ever since.

The defendant sets up as a defence certain items which might constitute a set-off in favor of Bloomer, and also that Bloomer was induced to enter into the contract by the fraudulent representation of the plaintiff's assignor that 150 quarts of milk per day were sold on said milk route, and by deceit practiced by said assignor to make him believe that said representation was true. The question is whether the defence is available to the defendant. I always supposed, and I am still of opinion, that such a defence is personal to the principal, and that it is not available in behalf of the surety. (*Comstock* v. *Ames,* 3 Keyes, 357.) Fraud does not render the contract void, but it is voidable only at the election of the party defrauded. If he elects to avoid the contract he can do so only on the condition of returning whatever he has received under it. If he elects not to avoid it he may sue for his damages occasioned by the fraud. (*Lindsley* v. *Ferguson,* 49 N. Y., 623.) In this case it is not averred that either Bloomer or the defendant has returned or offered to return anything which the former received under the contract, or that Bloomer has made any claim for damages on account of the fraud. The defendant cannot do either. The property received by Bloomer belongs to him and not to the defendant, nor could the latter maintain an

action for the damages occasioned by the fraud, for the reason that he is not the party defrauded. (3 Keyes, *supra.*) The damages are not due to him. Bloomer's damages may be greatly in excess of the defendant's liability. The defendant could be allowed them as a defence or a counter-claim, only upon some principle that would make the recovery of them by him a bar to any future action or counter-claim by Bloomer for such damages. The defendant might thus bar a large claim in favor of Bloomer by canceling a small one against himself. These considerations, I think, show that this defence was properly excluded, and that the presence of Bloomer, as a party, would be necessary in any action to make it available to the defendant. The same principle would be applicable if the defence should be regarded as a counter-claim for damages, occasioned by the breach of the vendor's warranty. Indeed, no counter-claim exists, except it be for damages due to the defendant. (Code of Civ. Proc., § 501, *et seq.*) The cases when the surety has been permitted to set up as a defence matters personal to his principals are such as show that the contract never had a valid existence, or that the liability created by it has been extinguished in whole or in part. (*Gillespie* v. *Torrance*, 25 N. Y., 306; *Lasher* v. *Williamson*, 55 id., 619; *Putnam* v. *Schuyler*, 4 Hun, 166.)

The defences not based on fraud were, I think, causes of action in favor of the plaintiff, which arose independently of the contract. If so, they are not a legal defence in favor of the defendant.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.