Wemple *v.* Hildreth.

---

CHARLES E. WEMPLE *et al.*, Appellants, *against* DAVID M. HILDRETH, Respondent.

(Decided April 3d, 1882.)

No action can be maintained by vendors of goods upon credit, to recover damages for deceit and fraud of the defendant in making false representations, by which they were induced to extend the term of credit to the purchasers, and thereby lost the price of the goods ; where it is not alleged that by reason of such representations the vendors parted with any good, or surrendered any lien, or did anything beyond extending the credit already given.

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

The complaint in the action alleged the copartnership of the plaintiffs; the fact that the Urbana Wine Company was a corporation duly organized and that prior to the 18th of November, 1880, the plaintiffs sold and delivered to the corporation certain goods at a price exceeding the sum of $506, and that the same or a portion of said price was on said day due and unpaid, and that the plaintiffs then demanded payment thereof; that on or about the day last mentioned, at the City of New York, the defendant, with intent to deceive and defraud the plaintiffs, falsely and fraudulently represented to them that the corporation was in good credit and safe to be trusted, and worth more than all its debts and liabilities; that the plaintiffs relying on this representation consented to defer immediate payment of said sum and to accept the promissory note in writing of the Urbana Wine Company for such amount, and they so received such note, the same being executed and delivered to them by the defendant as president of said company and made payable four months after date.

The complaint further alleged that at the time of these representations, as the defendant then well knew, the said Urbana Wine Company was insolvent.

The answer admitted the copartnership, the incorporation of the Wine Company, the sale and delivery of the goods, and the making of the note, and denied the other allegations in the complaint, and alleged that the goods were sold upon the understanding that notes were to be given in payment, and that part of the goods never had been delivered.

Upon the trial of the case, the plaintiff Wemple was examined, and proved the order for the merchandise, and that it was agreed that payment should be made one-half in three months and the other half in four months from the time the goods were ready for delivery. After the goods were completed the plaintiffs had conversations with Mr. Hildreth in reference to the payment of the bill. The bill was not paid for a considerable time, and at last Mr. Hildreth paid a portion of the bill, $250, sometime prior to the 1st of November, leaving a balance due, after the payment, of $506, which Mr. Hildreth promised to pay as soon as he heard from the super-

intendent of the company; and also that the bill could not be paid without a meeting of the executive committee, or the officers of the company, and that had to be held at Hammondsport. Subsequently, on the 18th of November, the plaintiff saw Mr. Hildreth, and he said, " I have brought you down a note from the company's office in payment of your bill—the balance of your account ; " and Mr. Wemple said to him, " I cannot take a note, this account is long past due ; " and Mr. Wemple further testified that it was a note for four months, and that when he declined to take it, Mr. Hildreth then said to him " this note is as good as cash," and Mr. Wemple then took the note.

The plaintiff further testified that at this time he knew nothing particular about the responsibility of the Urbana Wine Company, and that he might have taken the note if Mr. Hildreth had not told him it was as good as cash ; that he relied upon his statement when he told him " when I took this note it was as good as cash." He then states if he had not relied upon the defendant's statement concerning the value of the note being true he would not have consented to accept the note or further to have deferred payment.

The witness further testified that since the receipt of the note from Mr. Hildreth they had delivered the other merchandise to the Urbana Wine Company, and then offered testimony tending to show that the Urbana Wine Company at the time of the giving of this note was in embarrassed circumstances.

The plaintiff having rested, a motion was made to dismiss the complaint upon the ground that the plaintiff had not established the facts necessary to constitute a cause of action, particularly in that the loss, if any has been sustained, was not attributable to the misrepresentation. The motion was granted, and from the judgment thereupon entered the plaintiff appealed.

*A. B. Smith*, for appellant.

*Robert T. Green*, for respondent.

VAN BRUNT, P. J.—[After stating the facts as above.]—The complaint in this action proceeds upon the theory that by reason of the false representation of the defendant the plaintiffs were induced to extend the credit to the Urbana Wine Company for goods which had already been sold and delivered, as they allege, and that thereby they were damnified.

There is no intimation in the complaint that by reason of the representation they parted with any goods, or that they surrendered any lien which they had, or that they did anything beyond extending the credit which had already been given to the Urbana Wine Company. That such a condition of affairs will not sustain an action for fraud and deceit is established by the cases of *Austin* v. *Barrows* (41 Conn. 282), and *Lamb* v. *Stone* (11 Pick. 527).

In the first case the court lays down the rule that " to maintain an action for the deceit or fraud of another it is indispensable that the plaintiff should show not only that he has sustained damage, and that the defendant has committed a fraud, but that the damage is the clear and necessary consequence of the fraud, and can be clearly defined and ascertained." The language of the case of *Lamb* v. *Stone* is more significant and to the point. " So far as the declaration shows, at the time when the acts were performed and the representations were made of which the plaintiffs complain, they had not obtained or taken any steps to obtain any lien upon the debtor's property for the security of their debt by contract or negotiation with him ; nor had they acquired any claim upon or interest in or right to any part of it by operation of law. They had taken no steps and formed no plan to procure a writ of attachment whereby to obtain security thereon, and no person had moved in the matter of a division of the property among the creditors by either bankrupt or insolvent laws. They therefore lost no lien of any kind in consequence of the acts and representations of the defendants.

" The point of their complaint is this : they now think that if no representations had been made to them they would have obtained a lien by attachment. They cannot make legal proof of this, and we cannot say that such an intent would have

Wemple v. Hildreth.

ripened into action—the property might have been destroyed before they could place a lien upon it. The debtors might have sold it to innocent purchasers and disposed of the proceeds in many lawful ways; their attachment might have been anticipated by others. The law does not undertake to grasp or measure such an uncertainty as the value of a mere possibility that a creditor may endeavor at some future time to obtain security from his debtor. . . . But, besides these practical inconveniences, which are of themselves insurmountable, there is another objection fatal to this present action. The injury complained of is too remote, indefinite and contingent. To maintain an action for the deceit or fraud of another it is indispensable that plaintiff should show not only that he has sustained damage, and that the defendant has committed a tort, but that the damage is the clear and necessary consequence of the tort, and that it can be clearly defined and ascertained. What damage has the plaintiff sustained by the transfer of his debtor's property? He has lost no lien, for he had none. No attachment has been defeated, for none has been made. He has not lost the custody of his debtor's body, for he had not arrested him. He has not been prevented from attaching the property or arresting the body of his debtor, for he never had procured any writ of attachment against him. He has lost no claim upon or interest in the property, for he never had acquired either. The most that can be said is that he intended to attach the property, and the wrongful act of the defendant has prevented him from executing this intention. Is this an injury for which an action will lie?

How can the secret intentions of the party be proved?

It may be he would have changed this intention. It may be the debtor would have made a *bona fide* sale of the property to some other person, or that another creditor would have attached it, or that the debtor would have died insolvent before the plaintiff would have executed his intention. It is, therefore, entirely uncertain whether the plaintiff would have secured or obtained payment of his debt, if the defendant never had interfered with the debtor or his property. Besides, his debt remains as valid as it ever was. He may yet obtain satis-

Wemple *v.* Hildreth.

faction from property of his debtor, or his debtor may return and pay him.   On the whole, it does not appear that the tort of the defendant caused any damage to the plaintiff.   But, even if so ; yet it is too remote, indefinite and contingent to be the ground of an action."

The appellant, feeling the force of the decisions above stated, has urged that by the delivery of the goods the plaintiffs had given up their lien on the goods of the defendant ; but it is to be observed in the first place that such is not the allegation in the complaint, and in the next place that the representation was not given for the purpose of inducing the plaintiffs to deliver these cards and give up any lien which they had upon them for the purchase price.   No such conversation is testified to as between the plaintiffs and the defendant, and no such event seems to have been contemplated by the defendant at the time that he made the representation.   There is certainly no evidence that his attention was called to the fact at the time of making this representation that the 26,000 cards were not delivered, nor is there any evidence that he made the representation for the purpose of inducing their delivery. It certainly was not the theory upon which the plaintiffs' complaint was framed, and such complaint having been dismissed we cannot now engraft a new cause of action which is not even borne out by the testimony.

The judgment appealed from must therefore be affirmed with costs.

VAN HOESEN and BEACH, JJ., concurred.

Judgment affirmed, with costs.