Per Curiam.
The face of the complaint shows that at the time of the alleged false representations made by defendant, his firm, the lessees, were rightfully in possession of the term of the lease, and of the premises. The plaintiff’s right to re-enter for non-payment of rent or to dispossess for the same reason, did not put an end to the term or the lease. Until there was an actual exercise and enforcement of plaintiff’s right, the term *300 would not be ended or the plaintiff have the power to oust the lessees. The alleged false representations did not destroy any of plaintiff’s rights nor induce plaintiff to discontinue or abandon any proceeding taken or act done towards the enforcement of its right. All that appears, in substance, on the face of, the complaint is that the defendant induced the plaintiff to abandon an intention. It is impossible to assess damages in such a case. The plaintiff parted with nothing of value. The learned judge was correct in dismissing the complaint on this ground. This result is sustained by considerations adduced in Wimple v. Hildrick, 10 Daly, 481.
Judgment affirmed with costs.