### ROOME et al. v. JENNINGS et al.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. ACTION FOR DECEIT—RESCISSION OF SALE.

A vendor who rescinds a contract of sale for fraud of the vendee, and retains the property sold, cannot maintain an action for deceit against the vendee.

2. SAME.

Fraud without damage is insufficient to support an action of deceit.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by William P. Roome and others against Frederick C. Jennings and another. Plaintiffs had judgment, which was affirmed by the city court at general term, (20 N. Y. Supp. 614,) and defendants appeal. Reversed.

For report on vacating attachment, see 19 N. Y. Supp. 825.
Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

James L. Bishop, for appellants.
F. A. Thomson, (James J. Allen, of counsel,) for respondents.

PRYOR, J.   It is impossible to sustain this judgment.   The plead-ing is peculiar, but, in effect, the action is by a vendor to recover damages for a fraudulent representation in the purchase of a chattel. The complaint states a cause of action for deceit, and for nothing else; the case was tried as an action for deceit; and the argument on the appeal still treats the action as for deceit.   But the complaint alleges a rescission of the contract of sale by the plaintiffs, because of the defendants' fraud; and on the trial the rescission was established by uncontroverted and conclusive evidence.   How, then, can plaintiffs maintain an action for fraud in the contract?   Such an action proceeds upon an affirmance of the contract; seeks damages for the fraud in its concoction; and the measure of damage is the injury ensuing from the operation of the contract.   On the other hand, the rescission of a contract annuls it ab initio, and places the parties in the positions they would have occupied if it had never existed.   Upon the discovery of fraud inducing a contract, the injured party has an election; namely, he may either rescind the contract or stand to it.   If he rescind, he may assert his title to the property lost by the contract, and recover it by replevin, or its value in trover.   If he affirm the contract, his only redress, as here, is an action or counterclaim for the damages sustained by reason of the fraud in its concoction.   But he cannot do both.   He cannot affirm and disaffirm.   He cannot repudiate the contract as rescinded, and demand restitution of what he has lost, and at the same time treat it as subsisting, and recover the damages he has suffered by reason of it.   When he reclaims what he lost by the fraudulent contract, he obtains in law complete reparation; or, if in fact this be not so, it is the effect of his own folly in not abiding by the contract, and claiming compensation for the damage he sustained by incurring the obligation of the contract.   An election once made between these alternative remedies is irrevocable; so that by rescinding the contract the party is precluded from recourse to any relief implying its continuing obligation. These principles are elementary, and yet possibly it may not be amiss to recall some authorities in illustration of their effect.   De Graw v. Elmore, 50 N. Y. 1, 3; Kinney v. Kiernan, 49 N. Y. 164; Miller v. Barber, 66 N. Y. 558, 564; Whitney v. Allaire, 4 Denio, 554; Masson v. Bovet, 1 Denio, 69; Lindsley v. Ferguson, 49 N. Y. 623, 625; Schiffer v. Dietz, 83 N. Y. 300, 308; White v. Seaver, 25 Barb. 235, 241; Strong v. Strong, 102 N. Y. 69, 5 N. E. Rep. 799; Krumm v. Beach, 96 N. Y. 398; Bowen v. Mandeville, 95 N. Y. 237.   "A party defrauded in a contract may stand by it, and recover damages resulting from the fraud; or he may rescind the contract, and recover back what he has paid or sold."   5 Wait, Act. & Def. 515; 3 Wait, Act. & Def. 454.   The fact is conceded that, upon the pretense of the fraud, the

plaintiffs refused to deliver the property. The contract having been rescinded and the property retained by the plaintiffs, they are estopped by their election from maintaining an action against the defendants for fraud in the purchase. Taussig v. Hart, 49 N.Y. 302.

Another insurmountable bar defeats the action; namely, that the fraud, if any, was of no damage to the plaintiffs. The fraud alleged is that the defendants induced the plaintiffs to contract by the false representation that the sale was to another, whereas the purchase was by the defendants themselves. It is not pretended that the goods could have been sold to another for a greater sum, and the defendants offered to · pay the contract price. How, then, were the plaintiffs damaged? Indeed, it is inconceivable that a vendor, induced to sell by fraud, can sustain damage when he cancels the sale, and retains the property, i. e. when he does not sell. But it is immemorial law that fraud without damage will not support an action. Taylor v. Guest, 58 N. Y. 262, 266; Wemple v. Hildreth, 10 Daly, 481, 484. The judgment is probably untenable upon other grounds, but enough is already shown to require its reversal. Judgment reversed, and new trial ordered, costs to abide event. All concur.