(4 Misc. Rep. 76.)

FULTON v. METROPOLITAN LIFE INS. CO.

(Common Pleas of New York City and County, General Term.   June 5, 1893.)

1. INSURANCE—VOID POLICY—REVIVAL.
      Plaintiff obtained a policy of insurance on her father's life, without the condition of the company's contract to insure that the consent of the person insured must be personally subscribed on the application having been complied with.   On plaintiff's stating to the secretary of the company that she understood the policy was of no effect, and that she wanted the premiums paid to be returned, he replied that it was void, but that the company might waive its objection to the validity of the policy if plaintiff would obtain her father's consent to the policy, and a physician's certificate as to his health.   Instead of doing so she brought action for the premiums.   Held, that they both treated the policy as void, and neither could revive it without the consent of the other.

2. SAME—RECOVERY OF PREMIUMS.
      In such case the premiums can be recovered under the common count in assumpsit.

3. APPEAL—HARMLESS ERROR—INTRODUCTION OF EVIDENCE.
      Any omission of facts essential to plaintiff's recovery in the opening statement of counsel as well as any defect in the proof at the close of plaintiff's direct evidence, was cured by evidence subsequently introduced by either party.

Appeal from city court, general term.

Action by Elmira A. Fulton against the Metropolitan Life Insurance Company for money paid defendant by plaintiff on a policy thereafter mutually abandoned as void.   From a judgment of the general term of the city court (21 N. Y. Supp. 470) affirming a judgment for plaintiff entered on a verdict, defendant appeals.   Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

Arnoux, Ritch & Woodford, (Wm. H. Arnoux, of counsel,) for appellant.

Albert I. Sire, for respondent.

BISCHOFF, J.   The facts in evidence and conceded by defendant conclusively show that defendant's policy of insurance, which was issued to plaintiff upon the life of her father, was rescinded by

the parties by its mutual abandonment; and the trial judge might well, therefore, have directed a verdict in plaintiff's favor. It appeared that plaintiff had applied to defendant for a policy upon the life of her father, Jacob C. Stoner; that it was a condition precedent of defendant's contract to insure that the consent of the person whose life was proposed for insurance must have been personally subscribed by him on the application; and that this condition had not been complied with in the instance of plaintiff's policy. Plaintiff testified that some time after the policy was issued to her she called at the office of the defendant company, and there met its secretary, to whom she stated that she understood the policy to be of no effect, and desired the premiums paid to be returned to her; and that the secretary replied that the policy was void, but that if she (plaintiff) would secure her father's consent to the policy, or a certificate from his physician respecting the state of her father's health, the company might, on consideration of the matter, waive its objection to the validity of the policy. Mr. Gaston, defendant's secretary, and only witness on the trial, effectually corroborated plaintiff's testimony. Plaintiff was not bound to secure either the consent or the certificate required by defendant's secretary. Nor did she do so, but instead brought this action for return of the premiums paid by her. Thus both contracting parties treated the policy as void, and no longer subsisting between them; and neither could thereafter revive it without the assent of the other. Much less can defendant defeat plaintiff's action by its subsequent assumption of the validity of the policy. That being so, neither of defendant's counsel's requests to charge was relevant, and the exceptions taken to such as were refused do not, for that reason, present error. Priebe v. Bridge Co., 77 N. Y. 597.

It is well settled in principle and by authority that where there has been a total failure of consideration, or where a contract has been abandoned or has been rescinded, an action will lie for money had and received to recover back any money paid by either of the contracting parties to the other in furtherance of the contract. 2 Whart. Cont. § 742; Raymond v. Bearnard, 12 Johns. 275; Canal Co. v. Knapp, 9 Pet. 540, 566; Lindsley v. Ferguson, 49 N. Y. 625; 3 Amer. & Eng. Enc. Law, p. 889. So, also, it is settled by abundant authority, and no longer open to debate, that the use of the common count in assumpsit is a sufficient compliance with the requirement of the Code of Civil Procedure that the complaint must state the facts which constitute the cause of action. Allen v. Patterson, 7 N. Y. 476; Farron v. Sherwood, 17 N. Y. 227, 229; Hosley v. Black, 28 N. Y. 438; Hurst v. Litchfield, 39 N. Y. 377; Bank v. Wheelock, 45 N. Y. Super. Ct. 205; Evans v. Harris, 19 Barb. 416; Cudlipp v. Whipple, 4 Duer, 610; Bates v. Cobb, 5 Bosw. 29; Adams v. Holley, 12 How. Pr. 326; Betts v. Bache, 14 Abb. Pr. 279; Sloman v. Schmidt, 8 Abb. Pr. 5; Goelth v. White, 35 Barb. 76; Raymond v. Hanford, 6 Thomp. & C. 312; Fells v. Vestvali, *41 N. Y. 152; Pom. Rem. & Rem. Rights, § 542; 4 Wait, Act. & Def. p. 246; 7 Lawson, Rights, Rem. & Pr. p. 5438, and note 1, p. 5439; 1 Boone,

Code Pl. § 171; 1 Rum. Pr. p. 246. If the allegations of the complaint were inadequate to apprise defendant of the facts upon which recovery was sought, relief could have been had by a motion for a bill of particulars, or to make the complaint more definite and certain. Any omission of facts essential to plaintiff's recovery in the opening statement of counsel, as well as any defect in the proof which existed when the introduction of plaintiff's direct evidence was closed, was cured by evidence subsequently adduced by either party. Road Co. v. Thatcher, 11 N. Y. 102, 112; Tiffany v. St. John, 65 N. Y. 314, 317; Painton v. Railroad Co., 83 N. Y. 7. Exceptions taken to rulings respecting the admission and exclusion of evidence are not urged on the brief of counsel for appellant. Nevertheless they have been examined, and found without merit. The judgment of the general and trial terms of the court below should be affirmed, with costs.