(4 Misc. Rep. 535.)

GROUSE v. WOLF.

(Common Pleas of New York City and County, General Term.  August 9, 1893.)

SALE—RESCISSION—ACTION FOR PURCHASE PRICE.

After sale, delivery, and acceptance of an article, the purchaser offered to return it, and did take it to a place where the seller assumed possession, and thereafter sold it to another.  *Held*, that there was a rescission of the first sale, and therefore an action would not lie against the purchaser at such sale for the purchase money.

Appeal from ninth district court.

Action by Solomon M. Grouse against Elias Wolf for the purchase money of a truck.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Maurice B. Blumenthal, for appellant.

Goldsmith & Doherty, for respondent.

BISCHOFF, J.  As we understand plaintiff's testimony, it was to the effect that he sold and delivered a truck to defendant, which the latter accepted, and for which he agreed to pay the sum of $150; that, some time after the delivery and acceptance of the truck, defendant offered to return it, and did in fact take it to the premises of L. Ullman & Co., where plaintiff assumed possession, and subsequently again sold the truck to Cowperthwait & Co., for $60.  This was all the evidence which was adduced on the trial, and a judgment for plaintiff thereon is clearly erroneous.  It was competent for the parties to rescind the sale of the truck by mutual agreement to that effect, and that they did so is indisputable from plaintiff's admission that the truck was returned to him, and that he thereupon sold it to others.  After such rescission, plaintiff was not entitled to the purchase money which defendant had agreed to pay, and, if the latter had paid any sum on account, he was entitled to return thereof.  Fulton v. Insurance Co., (Com. Pl. N. Y.) 23 N. Y. Supp. 598.  The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.