(121 App. Div. 239)

WHITING v. DERR.

(Supreme Court, Appellate Division, Second Department.   July 23, 1907.)

1. SALES—REMEDIES OF BUYER—RECOVERY OF INSTALLMENT OF PRICE—COM-
   PLAINT.
   In a suit to recover for money paid defendant on a contract for the con-
   struction of a boat, the allegation that the defendant failed to complete
   and deliver the boat cannot admit the implication that defendant con-
   structed the boat until it was launched or fit for launching, and hence it
   was not incumbent upon plaintiff to allege compliance with the condition
   of the contract that a payment must be made when the boat was launched.

2. ELECTION OF REMEDIES—NECESSITY.
   Where the title to materials put into a boat was primarily in defend-
   ants, and vested in the plaintiff only by force of the special provisions of
   the contract between them, the plaintiff could not disaffirm the contract
   and also assert his title to the materials.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Election of Reme-
   dies, § 6.]

3. WORK AND LABOR—EXPRESS CONTRACT—PART PERFORMANCE—RIGHTS AND
   LIABILITIES.
   Where defendant failed to comply with his contract with plaintiff to
   complete a boat at a certain time, and the contract was rescinded by plain-
   tiff, defendant was not entitled to recover the money he had expended for
   labor or materials.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Work and Labor,
   § 33.]

   Gaynor, J., dissenting.

Appeal from Special Term, Kings County.

Action by Charles S. Whiting against Ralph Derr to recover money
paid on a contract.   From an interlocutory judgment for plaintiff,
defendant appeals.   Affirmed, with leave to defendant to plead over on
payment of costs.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, and
MILLER, JJ.

Clarence P. Moser, for appellant.
Conrad Saxe·Keyes, for respondent

JENKS, J.   I think that the complaint may be sustained as for
money advanced upon a contract upon a disaffirmance or rescission
thereof.   See Weaver v. Bentley, 1 Caines, 36; 2 Parsons on Con-
tracts (8th Ed.) p. 794.   In Koerner v. Henn, 8 App. Div. 604, 40
N. Y. Supp. 1021, the court, per Bradley, J., say:

"It is, however, a general rule that an executory agreement, which is entire,
may, upon a substantial breach by one of the parties, be rescinded for that
reason by the other, when it can be done in toto and the parties put in
statu quo.   Weaver v. Bentley, 1 Caines, 47;   Meade v. St. Louis M. Life Ins.
Co., 51 How. Prac. 1;   Giles v. Edwards, 7 Durn. & E. 177;   Hunt v. Silk, 5
East, 448.

In Fulton v. Metropolitan Life Ins. Co., 4 Misc. Rep. 76, 23 N. Y.
Supp. 598, the General Term of the New York Common Pleas, per Bis-
choff, J., say:

"It is well settled in principle and by authority that where there has
been a total failure of consideration, or where a contract has been abandoned,

or has been rescinded, an action will lie for money had and received to recover back any money paid by either of the contracting parties to the other in furtherance of the contract. 2 Whart. Cont. § 742; Raymond v. Bearnard, 12 Johns. 274, 7 Am. Dec. 317; Chesapeake & Ohio Canal Co. v. Knapp, 9 Pet. (U. S.) 541, 566, 9 L. Ed. 222, 231; Lindsley v. Ferguson, 49 N. Y. 625; 3 Am. & Eng. Ency. of Law, 889."

The allegation that the defendant failed to complete and to deliver the boat cannot admit the implication that he constructed the boat until it was launched or was fit for launching. Hence it was not incumbent upon the plaintiff to allege compliance with the condition under the contract that a third payment must be made when the boat was launched. The title to the boat or its materials was primarily in the defendant (Andrews v. Durant, 11 N. Y. 35, 62 Am. Dec. 55), and was vested in the plaintiff perforce of the special provision of the contract. But the plaintiff could not in the same breath disaffirm the contract and assert such title. The defendant was not entitled to receive or to recoup the money, if any, which he had expended for his labor and materials. Havens v. Patterson, 43 N. Y. 218–223. The restoration to statu quo "does not mean that they should be replaced in every sense as they were, as this is impossible, but that the injured party should restore whatever he has received that he can restore and surrender any advantage he may have received." 1 Wharton on Contracts, p. 424.

I advise affirmance of the interlocutory judgment, with costs, with leave to the defendant to plead over on payment of costs.

HIRSCHBERG, P. J., and MILLER, J., concur.

GAYNOR, J. (dissenting). The plaintiff and the defendant made a written contract by which the latter agreed to build a boat for the former for $1,455, and have it completed and ready for delivery on July 1st following, and the plaintiff agreed to pay therefor in four equal installments, viz., $363.75 on the signing of the contract, the same amount when the boat was in frame, the same amount when it was launched, and the balance when it was ready for delivery. The complaint, after alleging the contract, alleges that the plaintiff paid the first and second installments. It then alleges that the defendant failed to complete the boat by the time agreed upon; that thereafter the plaintiff notified the defendant that unless the boat was completed by July 25th he would rescind the contract and require the amounts paid by him to be returned; that the defendant failed to complete by that time, whereupon the plaintiff rescinded and demanded back the said amounts; and the prayer is for judgment therefor.

The defendant agreed to have the boat completed by July 1st, but only on performance by the plaintiff of the condition precedent that he should pay three successive installments at certain stages of the work before completion. There is no allegation in the complaint of performance of such condition precedent. The allegation is only of the payment of the first and second installments. If there were an allegation that the work was not done up to the stage for the payment of the third installment, that would be an excuse for its nonpayment, but

there is no such allegation. The plaintiff had no right to rescind if he was himself in default, i. e., unless he had performed the condition precedent to his right to have the boat completed. There being no allegation that he had so performed, no cause of action is alleged in the complaint.

The judgment should be reversed and the demurrer sustained.