It would have cost about $2,647.75 to have used clear glass; but the contractor then proceeded on his own responsibility to use translucent glass, which cost only about one-fourth of that amount.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.

(133 App. Div. 446.)

DRAKE et al. v. WHITE SEWING MACH. CO.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

1. PRINCIPAL AND AGENT (§ 9*)—RELATION—CONTRACT OF AGENCY.

Where it was expressly agreed before the contract was signed giving plaintiff the agency for defendant's automobiles that plaintiff should purchase three automobiles from defendants, and the price was then paid, which agreement was treated by the parties as a part of the agency contract, it became a part of the written contract of agency, thereafter signed, though not expressly included thereon.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 9.*]

2. PRINCIPAL AND AGENT (§ 47*)—CONTRACTS—BREACH—RIGHTS OF BREACH—RECOVERY OF PAYMENT.

Where the contract giving plaintiff the agency for defendant's automobiles which required plaintiff to buy three automobiles from defendant as a part of the contract did not expressly require defendant to return the money paid therefor upon breach of contract by defendant, there was no implied promise to return it.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 47.*]

3. PRINCIPAL AND AGENT (§ 9*)—CONTRACTS—MERGER INTO SUBSEQUENT CONTRACTS.

An express promise by defendant, made before the execution of plaintiff's contract with it for the agency of its automobiles, that, upon breach by defendant, the price paid for the three automobiles purchased by plaintiff as a part of the contract of agency should be returned, was eliminated by the subsequent execution of the written contract, which provided that it superseded all prior contracts.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 9.*]

4. SALES (§ 174*)—CONTRACTS—BREACH.

Where plaintiff agreed as a part of his contract for the agency of defendant's automobiles to purchase three automobiles from defendant, defendant's request for shipping directions before shipping the automobiles to plaintiff was reasonable, and it was not bound to ship them after plaintiff's failure to give such directions.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 434; Dec. Dig. § 174.*]

5. SALES (§ 174*) — CONTRACTS — BREACH — EXCUSES — PREJUDICIAL EFFECT OF BREACH.

A request by defendant that plaintiff furnish shipping directions for three automobiles which he was required to purchase of defendant as part of his contract for the agency of defendant's automobiles being reasonable, it was immaterial whether defendant was injured by plaintiff's failure to furnish shipping directions as requested; that not excusing his failure to furnish such directions.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 434; Dec. Dig. § 174.*]

6. PARTNERSHIP (§ 159*)—NOTICE TO PARTNER AS NOTICE TO FIRM.

Where defendant on August 17th notified one of plaintiff's firm that their agency for defendant's automobile was thereby canceled, the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tract of agency was canceled as of that date, though defendant's notice of cancellation did not come to the attention of the other partner until later.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 293–295; Dec. Dig. § 159.*]

7. PRINCIPAL AND AGENT (§ 29½*)—CONTRACTS—RESCISSION—RIGHTS OF PARTIES AFTER RESCISSION.

Where a contract is rescinded, money paid by either party thereunder can be recovered, so that, where defendant canceled plaintiff's contract for the agency of defendant's automobiles because of plaintiff's breach thereof, plaintiff could recover money paid for three automobiles which he was required by the contract to purchase, and defendant could not after rescission charge plaintiff with the discount he had received as agent under the contract, it not so providing.

[Ed. Note.—For other cases, see Principal and Agent, Am. Dig. 1908A, § 29½.*]

Appeal from Trial Term, Madison County.

Action by Frank C. Drake and another against the White Sewing Machine Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Upon the 23d day of February an agreement was entered into between the defendant and F. C. Drake & Son, living at Oneida, for the agency by the said Drake & Son of the automobile manufactured by the defendant. Through correspondence between the defendant and Mr. F. C. Drake, this plaintiff, Mr. Drake was required to purchase of the defendant three cars. Upon these three cars he was required to make a deposit of $250 each. He subsequently made this deposit of $750, but received one car only. The failure to receive the other two cars was entirely due to the plaintiff by reason of his refusal to give directions for shipment, for which he was asked a number of times. The contract of agency provided that the agreement was to take effect from and after its acceptance by the defendant, and to continue until September, 1905, or until dissolved by mutual consent. The contract further provided: "But it may be dissolved by either party giving notice, and in case of violation of this contract by said second party, the first party may cancel it without notice." Upon August 17th the defendant wrote to F. C. Drake & Son as follows: "We hereby notify you of the cancellation of our agency contract from this date. If you are in a position to assure us of a considerable larger volume of business for the coming season, we shall be pleased to take up with you the matter of a new agency contract." That letter was received by the son, but was not called to the attention of F. C. Drake, this plaintiff, until October 11th, at which time F. C. Drake & Son received from the defendant the following letter: "On August 17th we notified you of the cancellation of our agency contract, but have received no acknowledgment of the same. We still have your two unfilled orders for Model 'E' cars on file together with your deposit of $500.00, and wish to now notify you that unless order is received from you by return mail for immediate shipment of the two cars we shall charge your account with the 20% discount allowed on the first car and consider the matter closed. We cannot furnish you our Model 'F' cars in place of the Model 'E's' ordered by you as we have concluded other agency arrangements for their sale in your territory; nor can we continue to bill you repair parts at agent's discount." The plaintiff has recovered the $500 advanced upon the two cars not taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

H. W. Coley, for appellant.
E. L. Hunt, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SMITH, P. J. In the contract itself there seems to have been no express provision requiring ·the plaintiff to purchase the three cars. That was expressly stipulated, however, before the contract was signed, and the $750 seems to have been sent to the defendant by the plaintiff before the signing of the contract. This agreement, however, seems to be treated in the correspondence and by the conduct of the parties as part of the agency contract. It undoubtedly is a part of the contract, and was not included in the written contract because of the fact that the money had been sent before the written contract was ·signed.

The plaintiff has no right to recover these moneys paid by reason of any breach of contract on the part of the defendant. There was no implied promise to return it. The express promise claimed by plaintiff to have been made with the agent of the defendant and before the making of the contract will be deemed to have been superseded by the contract itself. The contract itself provides: "This contract supersedes all contracts of prior date." It cannot be material whether or not the defendant was injured by the failure to furnish shipping directions. The request for those directions was reasonable, and the defendant had no right to ship the cars to Oneida after the failure of the plaintiff to give any directions as asked for.

The defendant's difficulty, however, lies in its cancellation of this contract. This cancellation was brought to the attention of the son, who was one of the firm. It did not come to the attention of the father, however, until in October. The defendants had done all that was required of them to cancel the contract as of August 17th. In Whiting v. Derr, 121 App. Div. 239, 105 N. Y. Supp. 854, the rule is stated:

"It is well settled in principle and by authority that where there has been a total failure of consideration, or where a contract has been abandoned, or has been rescinded, an action will lie for money had and received to recover back any money paid by either of the contracting parties to the other in furtherance of the contract."

The authorities cited in that case seem' to sustain the proposition, and, under this authority, the plaintiff would seem to have the right to recover the $500 paid.

Nor can the defendant escape the effect of its rescission by charging the plaintiff now with the full $2,500 for his car. As an agent he got 20 per cent. discount. There was no promise on his part to pay any additional sum if the agency was thereafter canceled. The right to charge the ·additional $500, which is claimed to be an offset to the ·claim of the $500 paid under the contract and for which this suit is ‍brought, was not stipulated for in the contract.

I recommend, therefore, that the judgment be affirmed, with costs.

Judgment unanimously affirmed, with costs. All concur.