THEODORE JELENK, Plaintiff, *v.* PAUL ALBERT and Another, Defendants.

Supreme Court, Schenectady County, September 10, 1928.

*Abram Lifset* [*John D. Miller* of counsel], for the plaintiff.

*Harry Coplon*, for the defendants.

GOLDSMITH, J. This action was instituted to set aside the transfer to the defendant Albert of one-third of the corporate stock of the Jelenk Theatre Company, Inc., alleged to have been induced through fraud and false representations. At the time of the transfer Albert was an officer of the corporation and the owner of one-third of its stock. Practically the entire assets of the corporation were the Albany Theatre premises and its equipment, upon which there were incumbrances amounting to $44,750. The plaintiff testified that he transferred his stock holdings in the Jelenk Theatre Company, Inc., to Albert upon the representation that the Albany Theatre premises were unsalable and worth little more than the liens thereon, whereas, in fact, Albert at that time knew that W. W. Farley of Albany had offered to pay the sum of $90,000 for this property and, after Albert had acquired plaintiff's stock, an agreement in writing was made with Farley to sell him the property for this amount.

Proof of damage is essential to authorize the relief demanded in this action. Even though evidence of moral obliquity is present, a court of equity will not interfere if no harm has resulted. (*Roome* v. *Jennings*, 2 Misc. 257; *Taylor* v. *Guest*, 58 N. Y. 262.) The plaintiff's only claim of injury is that the stock was transferred for an inadequate consideration. Addressing the inquiry then to the question of damage, what loss, if any, has the plaintiff suffered through parting with his stock? On occasions when he was in dire financial need Albert made advancements totaling the sum of $10,000. The plaintiff's stock at best gave him a one-third interest in the assets of the corporation. For the purposes of this action the most favorable valuation of the theatre property which plaintiff can insist upon is the amount which Albert, as an officer and the majority stockholder of the corporation, was willing the corporation should receive under the contract with Farley. While

this agreement has never been carried out, an action is now pending, instituted by the corporation, to compel Farley to comply with its provisions. The contract recites the purchase price to be $90,000, subject to incumbrances. The balance, amounting to $45,250, Farley does not agree to pay in cash but by notes covering a period of three years, secured by a second mortgage upon the premises. Such an arrangement can hardly be said to establish the value of the premises at $90,000. The value of the notes extending over a period of three years is uncertain. Their immediate value depends upon the ability to negotiate them at their face value. A heavy discount might be imposed. Their ultimate value depends upon the financial situation of the maker and the value of the mortgage security at maturity. These facts dispute the contention that the contract with Farley was a sale for the sum of $90,000 and that a balance amounting to $45,250 would accrue to the corporation for distribution. Plaintiff had received the sum of $10,000 and valuable accommodation at the times the payments were negotiated and it does not appear from the evidence that his distributive share upon the dissolution of the corporation would have exceeded this compensation. Proof of damage failing, discussion of the other questions presented becomes unnecessary. The complaint should be dismissed.

The defendants are entitled to judgment dismissing the complaint, with costs.

Prepare findings accordingly.