Birkbeck agt. Stafford.

## SUPREME COURT.

Abraham W. Birkbeck, respondent agt. William R. Stafford and John Davidson, appellants.

An *attorney* is liable to a *sheriff* for his fees and compensation on *attachments* and all other process delivered to him for execution. And in cases of attachments it includes such *additional compensation* for his trouble and expenses in taking possession of and preserving the property attached, as the officer certifying the warrant shall certify to be reasonable, as well as the fifty cents for serving the attachment.

Where judgment by default has been entered against defendants, and they are permitted to come in and answer on the condition that they shall waive the objection of the *non-joinder of the defendants*, they cannot subsequently, in the progress of the cause, raise and rely upon such objection.

A sheriff may *assign* his claim to fees and compensation for services rendered, but not for those to be earned.

*Poughkeepsie General Term, May*, 1862.

Brown, Scrugham and Lott, *Justices*.

Appeal from judgment rendered on trial before a referee.

W. R. & S. H. Stafford, *for appellants.*
Waring & Slidell, *for respondent.*

By the court, Lott, Justice. The material facts found by the referee are sustained by the evidence in this case, and warrant the conclusion of law to which he has arrived.

It has long been settled that an attorney is liable to a sheriff for his fees and compensation, on process delivered to him for execution. This principle, although anomalous, was established in *Adams* agt. *Hopkins*, (5 *John.*, 252.) It was extended by the chancellor to examiners in chancery, in *The Trustees of Watertown* agt. *Cowen*, (5 *Paige*, 510,) and was there said by him to apply to the different officers of courts of record, and was recognized as a settled rule of law in this state in *Judson* agt. *Gray*, (1 *Kern.*, 408.) The sheriff is by statute declared to be entitled for serving an attachment to the sum of " fifty cents, with such additional

Birkbeck agt. Stafford.

compensation for his trouble and expenses in taking possession of and preserving the property attached as the officer certifying the warrant shall certify to be reasonable." (2 *R. S.*, 646, § 38 ; *Code*, § 243.) His right to payment of the amount so certified is as fixed as the specific sum of fifty cents named. Whether notice of the application to such officer is necessary to be given to the party liable or responsible therefor, it is not necessary to determine here. It appears by the decision of the referee that an account of the sheriff's fees was delivered to the defendants before the commencement of this action ; that no taxation or certificate thereof was demanded by them, and that the officer, after the certificate was given by him, did, on the 28th of September, 1861, after hearing affidavits and hearing counsel for both parties, order that the same be affirmed after making a deduction of three dollars from the compensation previously allowed by him for such trouble and expenses.

Although this order is not set forth in the case, it is referred to by the counsel of the respondent in his points, and no question has been made as to the fact by the appellants. I therefore assume that it was made. It is true that the certificate was not made till after issue had been joined in this action ; but that is immaterial ; the services had been rendered and the right of action therefor had accrued before the suit was commenced ; the certificate was merely an adjustment or liquidation of the amount to which the sheriff was entitled, but it did not create or confer the right itself ; that was complete as soon as the services had been performed, and there can be no doubt that the defendants in this action, under the rule of liabilities of attorneys to which I have referred, are chargeable with and responsible for those services. It fully appears that John J. Post, who delivered the attachment at the sheriff's office, was the managing clerk of the firm of Staffords & Davidson, by whom it was issued, and his acts and declarations, admitted in evidence, were such as fell within the scope of his agency,

and the firm are affected thereby.   It is no objection to the plaintiff's right of recovery that Spencer H. Stafford, then one of that firm, is not made a party defendant.   It appears in the case that the defendants, against whom a judgment by default had been entered, were permitted to come in and answer on the condition that they should waive that objection.   It can consequently not be relied on or made available now.   It does not appear on the face of the complaint, and cannot be considered as taken by the answer, and must be deemed to be waived.   (*Code*, § 148.)

The sheriff's claim was duly assigned to the plaintiff, and I see no reason either of public policy or otherwise, why the assignment is not valid or available to the plaintiff. It was not a tranfer of fees or compensation to be earned, but an existing claim for services rendered and expenses incurred previous to that time.

These views dispose of the principal questions raised by the exceptions taken on the trial and urged on the argument.   The rest have been examined and fully considered, and none of them in our opinion are well taken.

The judgment must therefore be affirmed, with costs.