GRIFFIN *v.* JACKSON *et al.*

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

1. JUDGMENT BY DEFAULT—ACTION BEFORE JUSTICE OF THE PEACE.

In an action before a justice of the peace for money due for services rendered, etc., testimony by plaintiff that he had a claim against defendants for labor performed at their request during a certain time, that they had paid him for some of the work, and that a certain sum remained due, no part of which had been paid and which plaintiff had demanded, is sufficient to sustain a judgment for plaintiff on defendants' default, within Code Civil Proc. N. Y. § 2891, which provides that, "if a defendant fails to appear and answer, the plaintiff cannot recover without proving his case."

2. WRITS—ERROR IN DATE.

Where the original summons is properly dated and made returnable, but the copy served, by a clerical error, bears date as of the return-day, and the return-day is properly stated in such copy, and it appears that defendants were not misled thereby, such error will be disregarded, under Code Civil Proc. N. Y. § 3063, which requires the county judge to disregard technical errors which do not affect the merits.

Appeal from Lewis county court.

Action by Henry Griffin against Duane C. Jackson and Josephine Jackson. From a judgment of the county court of Lewis county, affirming the judgment of a justice of the peace rendered in favor of the plaintiff for $16.45, defendants appeal. The following is the opinion of Judge TURNER, of the county court: "Appellants' counsel insists that the plaintiff's complaint and evidence on the trial are insufficient to uphold the judgment herein. The defendants did not appear on the return-day of the summons, but their default did not relieve plaintiff from the necessity of establishing his right to a recovery by legal and sufficient evidence. *Armstrong* v. *Smith*, 44 Barb. 120; *Northrup* v. *Jackson*, 13 Wend. 85. Under the liberal rules applied to pleadings in justices' courts, it seems to me plaintiff's complaint must be deemed sufficient in form and substance. So far as the evidence is concerned, plaintiff made out a *prima facie* case, sufficiently so to have put defendants on their defense, had they been present, and, after a careful examination and consideration of the brief and authorities cited therein by appellant's counsel, I fail to find reasons to justify a reversal of this judgment upon the ground of the illegality and insufficiency of the evidence. Defendants present affidavits having attached thereto the copies of the summons served on each, from which it appears that the copies were dated June 29, 1889, the return-day named in the summons, whereas the original summons is dated June 22, 1889, and returnable June 29, 1889. The return of the constable shows that those copies were personally served on defendants the 22d day of June, 1889; hence they had notice that this action was returnable before Justice SAWYER at his office in Port Leyden, June 29, 1889, at 6 o'clock in the afternoon of that day, and it would seem that they were put upon their guard and inquiry, notwithstanding the apparent mistake in the date upon the copies served. Did this mistake mislead the defendants? Nothing in their affidavits show that they were misled, and no such allegation is stated therein. The summons, and the constable's return of service thereon, gave the justice jurisdiction, and upon that return the court was authorized and required to proceed. *Putman* v. *Man*, 3 Wend. 202. If the return was false, the defendants had an undoubted remedy at law against the officer making it. The fact

that the copies of the summons served on defendants were erroneously dated, in the absence of any statement or allegation showing them to have been misled thereby, does not, *per se*, justify or authorize a reversal of the judgment herein. *Arnold* v. *Maltby*, 4 Denio, 498; *Haughey* v. *Wilson*, 1 Hilt. 259; section 3063, Code Civil Proc. Upon these grounds the judgment must be affirmed, and an order may be entered accordingly."

Argued before HARDIN, P. J.; and MARTIN and MERWIN, JJ.

*E. Merriam Bagg*, for appellants.    *L. W. Fiske*, for respondent.

HARDIN, P. J. Plaintiff before the justice, in a complaint in writing, declared "that the defendants are indebted to him in the sum of $13.25, being for a balance due to him from the defendants for work and labor done and performed for them at their request within six years last past, no part of which has been paid, and for which he demands judgment and costs." Pleadings are to be liberally construed, especially so in a justice's court. The complaint alleges the defendants are "indebted to him," and states what the sum of that indebtedness is, and also states that it is for a balance due to him from the defendants for "work and labor" done and performed for them at their request. In *U. S.* v. *Bank*, 6 Pet. 29, the word "due," found in a pleading, was considered, and Judge STORY stated that it was used to express the state of the indebtedness, and that when it was so used it was equivalent to the words "owed" or "owing;" and he added that it was sometimes used to express the fact that the debt had become payable. This construction was involved in the court of appeals in *Allen* v. *Patterson*, 7 N. Y. 480. This case was cited approvingly in *Blackmar* v. *Thomas*, 28 N. Y. 71, in the opinion of BALCOM, J., in which opinion he said: "The same strictness in pleading is not required under the Code that was exacted by the courts under our former system of practice." We agree with the learned counsel for the appellants that upon the default of the defendants, or their failure to appear before the justice, it became incumbent upon plaintiff to prove his cause of action by legitimate and sufficient evidence. *Armstrong* v. *Smith*, 44 Barb. 123. Section 2891 of the Code, relating to justices' courts, is as follows: "If a defendant fails to appear and answer, the plaintiff cannot recover without proving his case." It is insisted in behalf of the appellants that the plaintiff's evidence did not make out a *prima facie* case. We think otherwise. The plaintiff testified as a witness, viz.: "I have a claim against the defendants for labor, commencing 28th day of February, 1889, until 17th day of June, 1889. This labor was performed at their request. They have paid me some on the work. There remains due me now on said labor $13.25, no part of which has been paid. I have demanded the said balance." In our view, the evidence is entirely sufficient to sustain the judgment rendered by the justice. In *Schoonmaker* v. *Spencer*, 54 N. Y. 366, it was said, viz.: "It is the uniform practice of the courts, in reviewing proceedings had before a justice of the peace, if possible, to sustain them by every reasonable and warrantable intendment."

2. It seems the original summons was issued and dated June 22, 1889; it was made returnable June 29, 1889. The same was personally served upon the defendants. We do not regard the circumstance that the copy served bore, by a clerical mistake, the erroneous date of the summons as of June 29, 1889, of any importance. The body of the summons required the defendants to appear before the justice on the 29th of June. The original summons was correct as to its date, and the clerical error made upon the date of the copies served did not mislead the defendants. We think, for the reasons suggested by the learned county judge in his opinion, that the clerical error was properly disregarded; besides, section 3063 requires the county court, as well as this court, to disregard technical errors which do not affect the merits. We think the judgment of the justice was properly affirmed by the county court,

and we must therefore sustain its action.   Judgment of the county court of Lewis county, affirming a justice's judgment, affirmed, with costs.   All concur.