## HALTER v. SHAFFER.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

BEST AND SECONDARY EVIDENCE.

In an action in a justice's court to recover on an open account plaintiff was permitted to testify as to the amount of his claim, without producing his books which contained the account. *Held*, that the admission of such evidence was reversible error, and could not be justified, even under Code Civil Proc. § 3063, which provides that technical defects or errors in investigations before a justice of the peace must be disregarded on appeal, when they do not affect the merits.

Appeal from Cattaraugus county court.

William Halter sued John Shaffer on an open account in a justice's court, and from a judgment in favor of plaintiff defendant appealed to the county court. From a judgment of the county court reversing the judgment of the justice's court, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

W. Dounnely, for appellant.

M. B. Jewell, for respondent.

DWIGHT, P. J. In this action, for a butcher's bill, the plaintiff testified to the sale and delivery of meat to the defendant and his wife at different times in the last four years; that he charged it when it was not paid for at the time; that he kept the books himself; that the amount due him was $13.37, and that he got the amount from his books. This evidence was objected to as incompetent and immaterial, and that the books should be produced. The justice overruled the objection, and, without any further evidence in support of the claim, rendered judgment for the plaintiff for the amount so testified to by him. The defendant gave evidence disputing the entire claim. The county court very properly reversed the judgment of the justice, mainly on the ground that there was no competent evidence to sustain it. It might well, we think, have been reversed for the error of the admission of the testimony of the plaintiff as to the amount of the debt. That testimony was plainly inadmissible. The plaintiff did not pretend to any recollection either of the items or of the total of his account, except as he obtained the latter from his books. He was permitted to testify to what appeared on his books without producing them. This was in violation of a fundamental rule of evidence which cannot be disregarded without danger of a perversion of the truth. The ruling cannot be justified even under the liberal rule which governs the investigation of facts in justices' courts. Technical errors and defects in such investigations must be disregarded on appeal, when they do not affect the merits. Code Civil Proc. § 3063. But when the plaintiff's case depends wholly for support upon testimony which was plainly inadmissible, the defect cannot be regarded as technical, nor can the appellate court be satisfied that the judgment is right when based upon such testimony alone. The case of Griffin v. Jackson, in the fourth department of this court, (13 N. Y. Supp. 321,) to which attention is called by the plaintiff, is not author-

ity for the ruling in this case. In that case the plaintiff, proving his claim for work and labor, in the absence of any defense, testified, as of his independent recollection of the facts, that he had performed labor for the defendants during a continuous period named, for a portion of which only he had been paid, and that there remained unpaid to him therefor the sum claimed. That evidence was competent, and the only question was of its sufficiency. The plaintiff there must be presumed —in the absence of further inquiry, which might have been made on cross-examination if the defendants had appeared—to have spoken from his present recollection of the amount and value of the work done, and of the payments made; here the plaintiff spoke only of what appeared on certain books, which were not produced. The judgment of reversal should be affirmed.

Judgment of the county court of Cattaraugus county, appealed from, affirmed, with costs. All concur.