DETERMINED IN THE

# FOURTH DEPARTMENT

AT

## GENERAL TERM,

### April, 1895.

---

PETER J. DOHERTY, Respondent, v. JOHN SHIELDS, Appellant.

*Complaint, using the common counts, good — objections not available upon appeal — resultant facts should be stated — waiver of conversion and a suit on contract — amendment of pleadings erroneously directed, disregarded on appeal.*

> 86  303
> 42ap459

A complaint that does not state the facts constituting an alleged cause of action, but makes use of the form of a common count, is in form good.

Where a bill of particulars is embodied in a complaint, if the complaint is good upon its face, whether it is sufficiently definite, or whether there is more than one cause of action, or whether there is a misjoinder of causes of action, are questions not available to a party upon an appeal from the judgment rendered against him in the action.

Where the plaintiff in an action waives the defendant's tort, and brings his action for goods sold and delivered, it is not necessary to allege in the complaint facts tending to establish the fraud; the special facts may be given in evidence upon the trial.

When the fact that is stated in a complaint is the result of other facts, the resultant fact, and not those facts furnishing evidence thereof, should be stated.

Where a plaintiff waives the conversion of personal property by the defendant and sues as for goods sold and delivered, there may be a recovery although it is not shown that the defendant has disposed of the property.

In all cases of the wrongful conversion of personal property, actual or constructive, the plaintiff may waive the tort and recover the value thereof in an action for goods sold and delivered, but he cannot by changing the form of the action evade the rule requiring such proof of a conversion as would be necessary in any other form of action for the recovery of the value.

Actions *ex delictu* and *ex contractu* in such cases are concurrent, and the proof must be the same in each.

Where an amendment of a complaint to make it conform to the facts proved upon the trial is unnecessary, if the trial court erroneously directs such an amendment, the error will be disregarded upon an appeal from the judgment rendered in the action.

APPEAL by the defendant, John Shields, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 9th day of April, 1894, upon the report of a referee.

*Babcock, Baxter & Gibson,* for the appellant.

*S. S. Taylor,* for the respondent.

MERWIN, J. :

In the complaint in this case it is alleged that between the 1st day of January, 1891, and the 1st day of June, 1892, the defendant became indebted to the plaintiff in the sum of $5,542.16, the same being for goods, wares, merchandise, stone and materials sold and delivered by the plaintiff to the defendant, and for goods, wares, merchandise, stone and materials belonging to and owned by plaintiff and received by the defendant and for which the defendant promised and agreed to pay, and also for work, labor and services performed by the plaintiff for the defendant and for which the defendant promised and agreed to pay ; that such goods, wares and merchandise, stone and materials, work, labor and services were reasonably worth the sum of $5,542.16, and that defendant had paid on account thereof the sum of $4,075.75, and no part of the balance had been paid. Then followed an itemized account of the claim in the form of a bill of particulars. Judgment was demanded for the balance, being the sum of $1,466.41. In the answer the defendant admits that he has paid the plaintiff the sum of $4,075.75, as alleged in the complaint, and denies all the other allegations. Payment in full is set up, and a counterclaim for damages for the failure by plaintiff to perform his agreement with defendant to build the necessary masonry on eight miles of railroad on the Lehigh Valley Railroad Company's extension near Van Ettenville and furnish the material therefor. The plaintiff in his reply admitted the making of the agreement substantially as alleged, but denied its breach, and alleged that the defendant released and discharged him from all obligations thereunder.

It appears that the defendant had a contract with the Lehigh Valley Railroad Company to do the grading and mason work on eight miles of railroad situate near Van Ettenville, N. Y., and made a subcontract with plaintiff to build the necessary mason work and furnish material therefor at certain prices. The plaintiff entered upon the performance of his contract in April, 1891, and continued at work until the last of July of that year. There was some dissatisfaction as to his work and some misunderstanding as to his right to use native stone. The referee finds : " The work of the plaintiff Doherty was then proceeding in a manner slow and unsatisfactory ; he was losing money, and desired defendant Shields to take the contract off his hands, which the said defendant agreed to do on or about the last of July, 1891. The said contract was, by mutual consent of the parties, rescinded, and any cause of action which the defendant Shields may have had against the plaintiff for damages for his non-performance of said contract, was, by agreement of the defendant, waived and released. The defendant Shields then assumed full charge of said work and completed the same."

The referee also finds that at the time of rescinding the contract and the taking hold of the work by defendant, there was no agreement made between the parties as to the material left on the ground ; that there was left upon the ground materials which had been drawn there by plaintiff under his special contract, consisting of certain quantities of cement, sand and stone of the value of $925, being a portion of the items stated in the complaint ; that this cement, sand and stone was the property of plaintiff, and in July or August, 1891, the defendant, without the consent of plaintiff, appropriated it to his own use and used it in the construction of said railroad work ; that there had been built by plaintiff prior to the rescission, masonry which had been estimated and accepted by the engineers in charge, to the amount of $1,855.65, and there had been built by the plaintiff before the rescission, masonry which was afterwards measured and accepted by the engineers, to the amount of $1,527.25 ; that on or about the last of July, 1891, the plaintiff was the owner of certain tools and implements necessary and proper to be used in the construction of the work, consisting of two derricks of the value of $300 and a number of other smaller items, in all of the value of $375.16 ; that " these articles of property the defendant at the time

he took charge of the R. R. work, requested the plaintiff that he allow the defendant to use in the work, and agreed to return them to the plaintiff on demand. The plaintiff allowed the property to remain and be used by the defendant in the work until about the month of September, 1891, at which time the plaintiff duly demanded of the defendant said articles of personal property; that the defendant refused to return and deliver said property to the plaintiff, and has wrongfully appropriated the same to his own use;" that the plaintiff delivered to the defendant 195 empty cement bags, for which the defendant received for the use and benefit of plaintiff the sum of nineteen dollars and fifty cents, which he agreed to pay to the plaintiff; "that during the progress of the work by the plaintiff, and since that time and before the commencement of this action, the defendant paid to the plaintiff, and to and for his benefit and at his request, in paying laborers upon the work whom the plaintiff was owing, and other indebtedness of the plaintiff incurred by him in the prosecution of said work, and upon the indebtedness of the defendant to the plaintiff as herein found, including the item of mason work in findings nine and ten, the sum of $4,075.75."

The mason work in findings 9 and 10 is the same above referred to as accepted by the engineers. The mason work and the property used or appropriated by the defendant, including the item for bags, amount in the aggregate to $4,702.56, and are all included in the items stated in the complaint. After deducting the payments there is a balance of $626.81, and for this, with interest from July 1, 1892, judgment was ordered.

We find no sufficient reason for disturbing the findings of fact by the referee.

It is quite evident that the payments made were understood by both parties to be applicable in the first instance to the payment of the work accepted by the engineers. Those items amounted to $3,382.90, and the balance of the payments, being $692.85, was left to be applied on the other account, so that the real controversy here is over the materials and tools appropriated by the defendant. The proposition, therefore, of the defendant, that the plaintiff cannot recover for anything done under the special contract (*McCreery* v. *Day*, 119 N. Y. 1), is not applicable.

The defendant claims that the complaint is not good, in that it does not state the facts constituting the cause or causes of action, but makes use of the form of the common count. In *Allen* v. *Patterson* (7 N. Y. 476) it was held that such a complaint was in form good, and that view has been taken by many authorities since. (*Cudlipp* v. *Whipple*, 4 Duer, 610; *Betts* v. *Bache*, 14 Abb. Pr. 279; *Griffin* v. *Jackson*, 36 N. Y. St. Repr. 110; *Hentz* v. *Miner*, 46 id. 636; *Fulton* v. *Met. Life Ins. Co.*, 4 Misc. Rep. 76; 1 Rumsey Pr. 246.) A bill of particulars was embodied in the complaint, and upon its face the complaint was good. Whether it was sufficiently definite or whether there was more than one cause of action, or whether there was a misjoinder (Code, § 499), are questions not available here.

The referee allowed a recovery upon the theory that the plaintiff had the right to waive the tort and sue in this form of action for the value, and, therefore, a further question upon the complaint arises, and that is, whether it was necessary to allege the circumstances of the transactions which gave the plaintiff the right to treat the taking and appropriation by the defendant as a sale and delivery and so recover the value. Of a similar action it is said by Judge JOHNSON in *Harpending* v. *Shoemaker* (37 Barb. 291): "In such an action it was never necessary to state in the complaint how or under what circumstances the money came to the defendant's hands. That is mere matter of evidence." So it has been held that in an action in replevin to recover goods obtained by a defendant through a purchase under fraudulent representations it was not necessary to allege in the complaint the facts going to establish the fraud, but the plaintiff must declare generally, claiming the property as his and give the special facts in evidence on the trial. (*Hunter* v. *Hudson River Iron Co.*, 20 Barb. 493; *Bliss* v. *Cottle*, 32 id. 322.) The same rule would apply if the tort was waived and the action was brought for goods sold and delivered. (*Roth* v. *Palmer*, 27 Barb. 652; *Weigand* v. *Sichel*, 4 Abb. Ct. App. Dec. 595; *Goodwin* v. *Griffis*, 88 N. Y. 638.) In *Rochester R. R. Co.* v. *Robinson* (133 N. Y. 242) it was held to be good pleading, under the Code of Civil Procedure, to state facts according to their legal effect, and when the fact to be stated is the result of other facts the resultant fact, not those furnishing evidence thereof, should be stated. To the same effect

is *Thayer* v. *Gile* (42 Hun, 268), where it was held that, under the general allegation of a conversion, the plaintiff might show the facts and circumstances indicating that there was in fact a conversion. (See, also, *Boyce* v. *Brown*, 7 Barb. 85.)

It would seem from these authorities that the plaintiff, under his complaint, had the right to show the facts and circumstances under which the defendant became possessed of the property in question and appropriated it to his own use.

But it is urged that as to the derricks and other tools it is not shown that defendant has disposed of them, and, therefore, there cannot be a recovery as for goods sold and delivered. The contrary rule is, however, settled in *Terry* v. *Munger* (121 N. Y. 161). But the defendant says there was here a bailment and the rule does not apply. If it was a bailment, upon demand and refusal to deliver, there was a conversion (Edwards on Bailments [3d ed.], § 59), and then came the right of plaintiff to waive the tort and sue as upon sale and delivery. No good reason is apparent for applying the rule to one case of conversion and not to another. In the *Terry* case the rule is stated as a general rule. In *Spoor* v. *Newell* (3 Hill, 308) it is said by Judge COWEN: "In all cases of a wrongful conversion of personal property, actual or constructive, I admit the plaintiff may waive the tort and recover the value in an action for goods sold and delivered; but he cannot, by changing the form of action, evade the rule requiring such proof of a conversion as would be necessary in any other form of action for the value. Actions *ex delictu* and *ex contractu* in such cases are concurrent; but the proof must be the same in each." The proof of demand was, therefore, properly received under the complaint.

One of the conclusions of law of the referee was that the complaint be amended so as to conform to the facts found. This is claimed to be error within *Romeyn* v. *Sickles* (108 N. Y. 650). If the views of the sufficiency of the complaint as above expressed are correct, there was no need of any amendment, and, therefore, the error, if there was one, was harmless.

The defendant suggests that under the evidence it should be said that the plaintiff consented that the defendant take the property. It should not, however, be said as matter of law that there was any understanding that the defendant should have it without paying its

value. If not, then the defendant gets by the judgment all he would be entitled to have in any event; he is charged with the value and credited with the payments.

We find no good reason for disturbing the judgment, and it should, therefore, be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.