### KLEINBOHE v. HOFFMAN HOUSE OF NEW YORK.

(Supreme Court, Trial Term, Kings County. February, 1906.)

ASSUMPSIT—CONVERSION—WAIVER OF TORT—GOODS SOLD AND DELIVERED.

Where plaintiff claimed that defendant had converted certain property, plaintiff was entitled to waive the tort and recover the value of the property in assumpsit under a complaint merely alleging the common counts for goods sold and delivered.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Assumpsit, Action of, §§ 42–54.]

Action by Louis Kleinbohe, as trustee, etc., against the Hoffman House of New York. On motion by plaintiff to set aside a nonsuit and for a new trial. Granted.

Ferdinand E. M. Bullowa, for plaintiff.
David M. Neuberger, for defendant.

KELLY, J. The complaint alleges a cause of action upon contract for goods sold and delivered, for which defendant promised and agreed to pay plaintiff. The answer is a general denial, with an allegation that the plaintiff is not the real party in interest.

On the trial the plaintiff was asked the direct question whether he had sold or delivered any goods to the defendant, and whether defendant ever had promised to pay him for goods sold or delivered, and he answered in the negative. The testimony showed that plaintiff's claim was based upon the refusal by defendant to allow the removal of certain fixtures in a barber shop, which fixtures plaintiff testified were his property. The evidence was that the defendant denied plaintiff's ownership, claimed that the property belonged to defendant, and prevented plaintiff by force from removing the furnishings or fixtures, asserting that they were in fact the property of the defendant. The

complaint was dismissed at the close of plaintiff's case on defendant's motion, because it appeared that the cause of action proved was not the cause of action alleged in the complaint, and that plaintiff's remedy was by a suit for conversion and not on contract for goods sold and delivered. It appears that this was error. In the case of conversion of personal property the true owner may elect to waive the tort, and to sue for and recover upon an implied contract of sale. The reason for the rule is stated by Mr. Justice Pryor in Starr Cash Car Co. v. Reinhart, 2 Misc. Rep. 116, 20 N. Y. Supp. 872, citing many authorities. He says:

"A consent induced by fraud is no consent, and yet the vendor in a fraudulent sale may waive the tort and sue for goods sold. It is conceded that upon a conversion, if the goods be parted with by the wrongdoer, he may be held as for money had and received; his promise to pay being arbitrarily forced upon him by implication of law. So, if he retain the goods, the owner should be allowed to treat the transaction as a sale and the law should imply a promise to pay their value. In such case, the tort-feasor will not be allowed to set up his own wrongful intent in disavowing the implied promise which the law would otherwise raise against him."

Such also appears to be the decision in Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803.

I am free to say that the application of this rule seems to me to deprive pleadings of one of their most important functions, which is to advise litigants, as well as the court, of the facts in controversy. I think this right to elect at the trial, and to prove facts constituting a tort under the allegation of a simple cause of action stated for goods sold and delivered with a promise to pay, is productive of claims of surprise on the part of defendants and leaves the trial court in uncertainty as to its rulings on the admission of evidence. If the law will imply a contract of sale and a promise to pay as against a wrongdoer, there seems to be no good reason why the plaintiff should not state the facts in his complaint and his election to waive the tort and to sue upon the implied promise. But the authorities appear to support plaintiff's contention that he may give the facts in evidence under what is described as "the form of the common count." Doherty v. Shields, 86 Hun, 303, 33 N. Y. Supp. 497.

Under the authorities cited, the nonsuit was error, and should be set aside, and a new trial granted plaintiff.