May Term,
1854.

SPENCER
v.
MORGAN.

---

## SPENCER v. MORGAN.

Where a bailee converts the thing bailed to his own use, he becomes liable to an action, without any previous demand.

Where a claim of a liquidated nature exists, which would not support an action without a previous demand, it is a proper subject of set-off without a demand.

A verdict will not be disturbed by the Supreme Court unless it was clearly unauthorized by the evidence.

Tuesday,
May 30.

ERROR to the *Allen* Circuit Court.

DAVISON, J.— Assumpsit by *Morgan* against *Spencer*, upon a store account. Plea, the general issue, with notice of set-off. Each party filed a bill of particulars. Verdict for the plaintiff below for 544 dollars. Motion for a new trial overruled, and judgment upon the verdict.

*Morgan*, by his bill of particulars, claimed 1,255 dollars. A part of the items set out in the bill, amounting to 627 dollars, was specifically proved. To prove the residue, several witnesses were introduced, who testified that at the date of the first item charged in the bill, and up until the date of the last item, *Morgan* kept a store in *Fort-Wayne*. *Spencer*, and certain members of his family, during that period, were frequently seen at said store, engaged in the purchase of goods; and he himself was one of *Morgan's* regular customers. The bill of particulars was shown to

be a true copy taken from *Morgan's* original store books, and there was evidence tending to prove that these books were properly kept.

*Spencer*, by his bill of particulars, claimed 1,389 dollars. To sustain the issue on his part, he gave evidence conducing to prove certain items of his bill, amounting to 596 dollars, and then produced a certain receipt given to him by *Morgan*. It bears date *October* 14th, 1832, and reads thus: "Schedule of money sent by *Joseph Morgan* to the branch bank of the *United States* at *Cincinnati*, by *John Spencer:* 126 twenty-dollar notes, 2,520 dollars; 355 five-dollar notes, 1,775 dollars; 223 ten-dollar notes, 2,230 dollars; 246 ten-dollar notes, 2,460 dollars; sundry notes, 1,370 dollars. Whole amount 10,355 dollars." Upon this receipt there was the following indorsement: "Credit by depositing in the *United States* branch bank at *Cincinnati* 9,775 dollars." The difference in amount between the receipt and the indorsement of credit, viz., 580 dollars, was claimed by *Spencer* as a proper item of set-off. There was no evidence tending to prove that the amount thus charged as a set-off was demanded of *Morgan* before the institution of this suit.

After the testimony was closed, the Court charged the jury that—

1. If they were satisfied from all the facts and circumstances in evidence, that *Morgan's* bill of particulars was a correct statement of his account, for the payment of which *Spencer* was liable, they had a right to find for *Morgan*, though he may have failed to prove, by positive proof, specifically, each item of his account.

2. Before *Spencer* can derive any benefit from the receipt and indorsement thereon given in evidence, he must have proved a demand on *Morgan* for the amount claimed thereby.

3. In *Indiana*, the plaintiff's book of accounts, in which he has charged the items for which he sues, is not admissible evidence to support the demand.

4. If *Morgan* received money from *Spencer* which he

SPENCER
v.
MORGAN.

May Term,
1854.

has not returned, or applied to the purposes for which he received it, the jury should allow such item to *Spencer.*

The second instruction was evidently wrong. When *Morgan* received the bank-notes specified in the receipt, he became a bailee for the special purpose therein stipulated. It may be that he was a gratuitous bailee. Still he was bound, in accordance with his agreement, to deposit the whole of the money in bank. Upon the assumption that he failed to deposit 580 dollars of the amount delivered to him, it may be fairly presumed that he converted that sum to his own use. The law is, that whenever a bailee converts the thing bailed to his own use, he becomes liable to an action, without any previous demand. Story on Bailments, s. 107.

Another view of the question under consideration, shows the charge to be erroneous. *Morgan*, by the present suit, invited *Spencer* to a settlement of all the demands existing between them. The failure of *Morgan* to deposit the 580 dollars, pursuant to his contract, evidently made him *Spencer's* debtor to that amount. The demand was one that could, by calculation, be readily ascertained, and was therefore a legitimate subject of set-off under the statute. R. S. 1843, p. 708. For the mere purpose of set-off in this case, we can not perceive any good reason why a demand of the 580 dollars should be considered requisite.

The other charges appear to be unobjectionable.

It is contended that the evidence does not support the verdict, and that, on that account, the judgment should be reversed. As to a portion of the items charged in *Morgan's* bill, the proof was indeed very slight. Still there was some evidence conducing to prove his whole demand. And this Court will not disturb a verdict unless it be clearly unauthorized by the testimony given in the cause.

The second instruction being erroneous, the judgment in this case must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Wallace*, for the plaintiff.

*R. Brackenridge, Jr.*, for the defendant.