STEPHENSON *v.* FEEZER, ET AL.

CONVERSION.—*Bailee.*—*Promissory Note.*—A., being indebted to B. in a certain sum, delivered to the latter, as security for the payment of such debt, a promissory note secured by a chattel mortgage, held by A. against C., for a sum exceeding the amount of such debt; C., with knowledge of the nature of B.'s title to such note, having paid him thereon a sum equal to such debt, the latter surrendered such note and released such mortgage to C., who destroyed them, whereupon A. brought suit against both for conversion.

*Held*, that B. and C. had unlawfully converted such instruments, and are jointly liable therefor to A.

From the Boone Circuit Court.

*J. A. Abbott, S. L. Hamilton, A. J. Boone, R. N. Harrison* and *T. J. Terhune,* for appellant.

*C. C. Galvin* and *C. S. Wesner*, for appellees.

BIDDLE, J.—The appellant sued the appellees for the wrongful conversion of a promissory note, made by John C. Feezer to Charles N. Kellogg, on the 29th day of September, 1873, payable one year after date, for four hundred dollars, with interest at ten per cent., and five per cent. attorney fees, secured by a chattel mortgage, and endorsed by Kellogg to the appellant. Trial and finding for the appellees; motion for a new trial overruled; exceptions; judgment; appeal. The only question in the case is, the sufficiency of the evidence to support the finding.

The appellant delivered the note and mortgage to the appellee Devol, as his bailee, who, upon the payment to him by Feezer, the other appellee, of one hundred dollars and fifty cents, surrendered the note and released the mortgage to Feezer, who was the maker, and who cancelled them by burning. Before the note was so delivered to Devol, thirty-five dollars had been paid and credited upon it, leaving a balance due upon the note of three hundred and sixty-five dollars, which was its value at the time, besides the accrued interest. So far, there is no dispute about the facts. On the part of the appellant, it is contended that he delivered the note to Devol, with the request that he should deliver it to the appellant's wife, as the appellant was about starting to Nebraska, and for no other purpose. Devol contends, that the note was delivered to him to secure him for what Stephenson owed him, —" To make him perfectly safe," as he states in his testimony. He further states in his testimony:

" I did not pay him any thing for the note. He did not sell it to me. I did not pretend that it was mine. He did not authorize me to sell it—any further than he told me he wanted me to make myself safe out of it."

Devol claimed, and so states in his testimony, that Stephenson owed him the one hundred dollars and fifty

.cents which Feezer, the maker of the note, paid him, at the time the note and mortgage were surrendered to Feezer and cancelled, but stated that:

. "I afterwards found that there had been twenty-seven dollars and fifty cents' worth of my goods, sold in the grocery, that I had not been paid for."

These two amounts, making one hundred and twenty-eight dollars, is the entire amount claimed by Devol as due him from Stephenson. Feezer testifies that Devol came to him and said:

"That if I would pay him one hundred dollars and fifty cents, which Stephenson owed him, he would give me the note and enter satisfaction of the chattel mortgage, on the county records. I paid him, Devol, the one hundred dollars and fifty cents, and he gave me the note and mortgage, and entered satisfaction of the mortgage on the records, and I burned the note and mortgage."

It is thus made plain, by their own testimony, that Devol cancelled the appellant's note and mortgage, worth three hundred and sixty-five dollars, beside the interest upon it, for one hundred and twenty-eight dollars, at most, and that Feezer obtained the note from Devol, on which there was a balance due of three hundred and sixty-five dollars, with interest, for one hundred dollars and fifty cents,—well knowing, at the time, that the note was not the property of Devol, beyond the right to secure his own debt out of its proceeds. According to this state of facts, they both unlawfully converted the property of the appellant to their own use, and are liable. How, under such evidence, the court could find for the appellees, we cannot perceive. It is not a question of the weight of evidence,—for, give the testimony its full weight, according to the purport of its language, the case is against the appellees. *Spencer* v. *Morgan*, 5 Ind. 146; *Depuy* v. *Clark*, 12 Ind. 427.

The judgment is reversed, with costs. Cause remanded,

with instructions to sustain the motion for a new trial, and for further proceedings.