## FIELD *v*. BROWN ET AL.

[No. 17,982.　Filed November 24, 1896.]

ACTIONS.—*Joinder of Causes.—Right to Jury Trial.—Statute Construed.*—Under section 409, R. S. 1881 (412 Burns' R. S. 1894), which provides that "in case of the joinder of causes of action or defenses which prior to 1852 were of exclusive equitable jurisdiction with causes of action or defenses which prior to said date were designated as actions at law and that the former shall be triable by the court, and the latter by a jury, unless waived," etc., there may properly be joined causes or defenses, one of which is triable by the court and the other by a jury.

SAME.—*Practice.—Equitable Jurisdiction.*—Where equity takes jurisdiction of the essential features of a cause it will determine the whole controversy although there may be incidental questions of a legal nature.

SAME.—*Equitable Defense.*—Answers showing that all of the defendants except one were bankers and that between February, 1887, and January, 1891, they received from plaintiff and his agents, by way of deposits, large sums of money aggregating more than $300,-000.00, all of which they had paid out upon appellant's checks and that the deposits consisted of 600 items and the payments upon checks consisted of 800 items, do not present an equitable defense to an action for money had and received on the ground that the transaction was complex and multifarious in character.

ASSUMPSIT.—*Sufficiency of Complaint.—Demand.*—In assumpsit for money had and received, where the complaint alleges the receipt of money by defendant for the use and benefit of plaintiff, it need not allege a demand.

PRACTICE.—*Correction of Ruling in the Formation of Issues.*—Where a ruling upon the formation of the issues is wrong it may be corrected by the court, but it must be done at such time and in such manner as not to prejudice the rights of the pleader.

From the Lawrence Circuit Court. *Reversed.*

*Joseph Giles, W. H. Talbott, Zaring & Hottel,* and *Harvey Morris,* for appellant.

*William Ferrell, Alspaugh & Lawler, W. P. Rogers* and *Elliott & Elliott,* for appellees.

HACKNEY, J.—The only question presented by the record is as to whether any of the issues joined in the lower court were triable by a jury. The suit was by the appellant in three paragraphs of complaint. The first sought a recovery for money had and received, and was in the ordinary form; the second sought an accounting and the recovery of the balance to be ascertained, and the third alleged fraud in certain stated settlements, sought to set aside such settlements, to obtain an accounting and to recover the amount to be ascertained in his favor. Appellant concedes, and correctly we have no doubt, that the second paragraph presented an issue of equitable cognizance prior to the 18th day of June, 1852.

The third paragraph was of like character, and would have invoked the same jurisdiction. The first paragraph, however, tendered an issue triable at law and not in chancery. This conclusion is conceded by the appellees. By the statute, Burns' R. S. 1894, section 412 (R. S. 1881, 409), it is provided that "Issues of law and issues of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defenses which, prior to said date, were of exclusive equitable jurisdiction, with causes of action or defenses, which, prior to said date, were designated as actions at law and triable by jury—the former shall be triable by the court, and the latter by a jury, unless waived," etc. It is manifest, from the language of this

statute, that there may properly be joined causes or defenses, one of which is triable by the court and the other by a jury.  So it does not follow that because the second and third paragraphs of complaint presented causes triable only by the court, that the cause presented by the first paragraph was thereby "drawn into equity" and was triable only by the court.

The cases of *Evans* v. *Nealis*, 87 Ind. 262; *Carmichael* v. *Adams*, 91 Ind. 526; *Lake Erie, etc., R. W. Co.* v. *Griffin*, 92 Ind. 487; *Miller* v. *Evansville National Bank*, 99 Ind. 272; *Lake* v. *Lake*, 99 Ind. 339; *McBride* v. *Stradley*, 103 Ind. 465; *Towns* v. *Smith*, 115 Ind. 480, and *Monnett* v. *Turpie*, 132 Ind. 482 have been cited for the appellee in support of the contention that the primary features of the case presented by the complaint, as a whole, was of equitable cognizance, and that the entire case, therefore, became subject to equitable jurisdiction.  There is no doubt, from those cases and others, that where equity takes jurisdiction of the essential features of a cause it will determine the whole controversy, though there may be incidental questions of a legal nature. The case of *Carmichael* v. *Adams, supra*, illustrates that rule.  There, in a single paragraph of complaint the plaintiff sought to recover upon a note and to foreclose a mortgage securing it.  It was held that the essential relief sought, the foreclosure of the mortgage, was of equitable cognizance and that the incidental question, that of ascertaining the amount due upon the note, passed within the equitable jurisdiction.

We have read carefully all of the cases cited, and none of them can be construed as holding that numerous causes of action stated in various paragraphs of complaint may not be severed and those of an equitable nature tried by the court, and those of a legal character tried by a jury.  If the cases could be so con-

strued they would certainly be in direct conflict with the statute cited.

It is insisted, however, that the issues as formed upon this paragraph of complaint, that is to say, those introduced by the answers, when considered in connection with said paragraph of complaint, become of equitable cognizance and triable by the court.

The answers were numerous, and included answers in denial, payment, set off, and former adjudication, all legal defenses; and it appeared from other answers that the appellees, other than Brown, were bankers, and that between February, 1887, and January, 1891, they received from the appellant and his agents, by way of deposits, large sums, aggregating more than $300,000.00, all of which they had paid out upon appellant's checks; that the deposits consisted of six hundred items and the payments upon checks consisted of eight hundred items.

As to any of the last mentioned answers, it may well be doubted whether any one of them is more than an argumentative plea of payment or in denial of the allegations of the first paragraph of complaint. They present no affirmative issue and seek no affirmative relief.

The statute we have quoted very plainly recognizes the right to join legal and equitable causes of action, and also to join legal and equitable defenses. This right is one of the features of our code practice. While we have seen that legal and equitable causes may have been joined, though we should look to the answers to carry the questions arising upon the first paragraph of complaint into the class designated as equitable, we are not able to reach the conclusion that any equitable defense is pleaded in any of such answers.

The insistence of appellees' learned counsel is that

the answers last mentioned disclosed that the transactions for investigation were "long accounts," and from their complex and multifarious character subjected them to the jurisdiction of the chancellor.

To this proposition are cited a number of decisions, one a Wisconsin case, the decision in which is based upon section 2864, of the Revised Statutes of that state, authorizing a reference in matters involving complicated accounts. Others are New York cases, decided with reference to section 1013, of the code of that state, authorizing the submission of such accounts to a referee. Another is *Dubourg de St. Colombe v. U. S.*, 7 Peters, 625, where the trial judge, in an injunction suit, heard the evidence of the matters in question, and it was held that such matters should have been referred. From the nature of the suit it was of equitable cognizance regardless of the inquiry which the court held should have been referred.

Tiedeman's Eq. Jur., section 533, is also cited, but the author there discusses the growth of the old common-law action of *account render*, into the equitable suit for an accounting, by reason of the more satisfactory aids in the nature of discovery within the latter jurisdiction. He then shows that a suit for an accounting may be had as an equitable remedy, where the accounts are all on one side, and there are circumstances connected with the transaction which create great complications or difficulties in the way of a settlement at law; where there are mutual accounts and there is great difficulty of securing a satisfactory accounting, or where the monetary obligations arise between parties occupying a fiduciary relation.

Bispham's Principles of Equity, section 484, is cited by appellees. It is there said: "While the jurisdiction of courts of chancery in matters of account is limited by the considerations above stated, and perhaps

by others, it is, nevertheless, difficult to draw the line with absolute precision. It may, however, be affirmed that in all cases in which an action of account would be a proper remedy at law, the jurisdiction of a court of equity is undoubted; and that this jurisdiction will extend, moreover, to all cases of mutual accounts, and also to cases in which the accounts are all on one side, but are very complicated and intricate, although such accounts would not be cognizable in the common-law action, as not existing between those parties by and against whom account render will lie. In short, the jurisdiction of the chancellor covers all cases for which account render would lie, besides many to which that action did not extend."

Some of the limitations referred to in the section quoted are stated in section 483 of that work: "It must not be supposed, however, that a court of chancery can draw to itself every transaction between individuals in which an account between parties is to be adjusted. Its jurisdiction is limited by certain restrictions. A court of equity cannot take cognizance of every action for goods, wares, or merchandise sold and delivered, or of money advanced, where partial payments have been made, or of every contract, express or implied, consisting of various items, in which different sums of money have become due, and different payments have been made. * * * Where the receipts or payments, or both, are all on one side, a bill for an account will not lie."

To clearly comprehend the meaning of the author, in these sections, we must look to the definitions of the phrases "bill for account" and "account render." They were formerly employed in the common-law practice to denote the procedure by which an accounting was secured, and as indicated by Tiedeman, *supra*, the frequent inadequacy of the remedy at law, or by jury

Field *v.* Brown *et al.*

trial, gave rise to the equitable remedy. But this did not carry into equity every proceeding to enforce the collection of an unliquidated demand consisting of several items. "The difficulty of drawing the line, with absolute precision," between those demands of an equitable and those of a legal nature has resulted in the more modern action of assumpsit, a legal remedy, and the suit for an accounting, an equitable remedy. Burrill's Law Dictionary, "Account," p. 22; Bouvier's Law Dictionary, "Account," p. 85; 2 Greenleaf on Ev., sections 34, 35; Bispham's Prin. of Eq., sections 479, 480, 481, 482; Ency. of Pleading and Practice, Vol. 1, pp. 84, 85.

In the latter it is said: "Account, sometimes called account render, was a form of action at common law against a person who, by reason of some fiduciary relation, was bound to render an account to another but refused to do so. In England the action early fell into disuse. And, as it is one of the most dilatory and expensive actions known to the law, and the parties are held to the ancient rules of pleading, and no discovery can be obtained, it never was adopted to a great extent in the United States. But the action of account was adopted in several states, principally because there were no courts of chancery in which a bill for an accounting lay." Pennsylvania, Connecticut and Illinois are cited as some of the states adopting the old practice.

It is by reason of these changes from the ancient to the modern rules of practice, as here illustrated, that the appellant's second and third paragraphs of complaint presented causes of equitable jurisdiction, and that his first paragraph presented a cause of legal jurisdiction. The former would, under the old practice, have been causes of common-law jurisdiction. The latter is now the action of assumpsit.

It is claimed, however, that the latter paragraph is insufficient as a plea of assumpsit, as no demand is alleged. It is a plea of general assumpsit, where the law implies the promise of the defendant, and is not special, where an express promise must be alleged. See Ency. of Plead. and Pract., Vol. 2, p. 990. It alleges the receipt of money by the appellee to the use and benefit of the appellant, and in such cases the law implies the obligation to pay. It is known as a common count and is a common-law modification of the action of assumpsit. Phillips Code Pleading, section 369. While it is not perhaps consistent with the reformed rules of code pleading, in that it contains conclusions and rests upon the fiction of an implied promise, yet it has been recognized in this State as a proper pleading in which no allegation of a demand was necessary. *Spencer* v. *Morgan*, 5 Ind. 146; *Robinson* v. *Skipworth*, 23 Ind. 311; *Ferguson* v. *Dunn's Admr.*, 28 Ind. 58; *Spears* v. *Ward*, 48 Ind. 541; *Hennel* v. *Board*, etc., 132 Ind. 32; 3 Works' Pract., p. 13. See also *Grannis* v. *Hooker*, 29 Wis. 65; *Bates* v. *Cobb*, 5 Bosw. 29; *Adams* v. *Holley*, 12 How. Pr. 326; *Betts* v. *Bache*, 14 Abb. Pr. R. 279; *Goelth* v. *White*, 35 Barb. 76.

The theory of the common count for money had and received by the defendant to the use of the plaintiff is, that where the money is had to the use of another and has not been applied there is no right to retain it, and the law implies the promise which corresponds with the duty. See *Brand & Co.* v. *Williams*, 29 Minn. 238, 13 N. W. 42; 2 Chitty Gen. Pract., section 899 (2d Am. ed.); *Knapp* v. *Hobbs*, 50 N. H. 476; *Eagle Bank* v. *Smith*, 5 Conn. 71.

The decision cited by appellant's learned counsel against the sufficiency of the first paragraph of complaint is *State, ex rel.*, v. *Sims*, 76 Ind. 328, where the

allegation was that the defendant was indebted "for money had and received of the plaintiff at his special instance and request," as shown by a bill of particulars annexed.

It was said: "It is not alleged in the complaint, that the money was had and received for the use of the appellant. If it were, no bill of particulars would be necessary. Spears v. Ward, 48 Ind. 541. The statement is, that the money was received from the appellant by the appellee at the special instance and request of the appellee. That, alone, would not create any indebtedness, and does not show a cause of action." The complaint was not of the character of that here in question, and the decision does not cover the point in controversy in this case. The objection to the pleading before us is not made upon an assignment of cross-error, but is urged upon the theory that, though the trial court may have erred in refusing a trial by jury, if the paragraph had stated a cause of action, the result was proper because of the insufficiency of the paragraph. As the basis for this proposition counsel rely upon the rule that intermediate errors will not reverse where the ultimate judgment is correct. There is no question about the rule, but it has this qualification: "If the wrong ruling asserts a definite and clearly marked theory, * * unless the record shows the contrary, and if that theory is wrong and probably works injury, there is error." Elliott's App. Proced., section 590. And if a ruling upon the formation of the issues is wrong, it may be corrected by the court, but it must be done at such time and in such manner as not to prejudice the rights of the pleader. Elliott's App. Proced., sections 695, 696, 697.

Treating the error as in the overruling a demurrer to the first paragraph of complaint, the theory asserted by the ruling was that the appellant might re-

cover thereon without proof of demand. The subsequent action of the court in denying a jury trial, so far from correcting that error, would have been the most palpable deception and injustice to the appellant, who was entitled to amend, but was deprived of the right by a ruling having no apparent reference to his pleading. Treating the error as in refusing a jury trial, we do not perceive how that error was cured by the former erroneous ruling, and especially are we unable to discover how that method of curing the error would not result in injustice to the appellant, who was entitled to have the court follow the theory adopted in the formation of the issues, and if any change of theory were adopted, that it might be done without prejudice to his rights.

Neither the first paragraph of complaint nor any of the answers thereto seeks an accounting, and that great complications or difficulties are in the way of a settlement at law is assumed only from the allegation that numerous transactions had been involved in the dealings of the parties. Nor was there any intimation of a fiduciary relation between the parties.

We do not think, however, that the dividing line between causes or defenses of equitable and those of legal cognizance is to be ascertained by counting the items of account subject to inquiry. If an accounting is necessary or desirable, by reason of the complicated condition of the transactions in dispute, an appeal may be made to the equitable jurisdiction of our courts, either by complaint or cross-complaint, seeking such relief. But it has never, in this State, been deemed a cause for equitable relief that one may set forth an account of numerous items. As early as *Cummins* v. *White*, 4 Blackf. 356, it was held that "Equity has no jurisdiction over accounts, however numerous and important the charges, where there is no mutual-

ity of dealing, and discovery is not required; but law has." That there should appear affirmatively some cause for equitable relief, independently of the presentation of numerous items of account, before the equity side of the court will be opened to entertain the question is manifest. This proposition has been clearly held in *Grafton* v. *Reed*, 26 W. Va. 437; *Bowen* v. *Johnson*, 12 Ga. 9, and *Upton* v. *Paxton*, 72 Ia. 295, 33 N. W. 773. No error was committed in refusing a jury trial as to the second and third paragraphs of complaint.

The questions arising upon the first paragraph of complaint were of legal cognizance and triable by a jury, and for the error in denying a jury trial thereof, the judgment as to that paragraph is reversed, with instructions to grant a new trial as to such paragraph of complaint and the issues thereunder.