CAYLOR *v.* RISTING.

[No. 15,691. Filed October 14, 1937.]

*John M. Caylor,* and *William Reiley,* for appellant.

*Homer Elliott, Carl H. Weyl, Charles W. Jewett,* and *Kelso Elliott,* for appellee.

WOOD, J.—This is an appeal from a judgment against the appellant in favor of the appellee for services alleged to have been rendered by appellee as a registered

nurse, at the special instance and request of the appellant, to a lady suffering from injuries inflicted upon her by a dog owned by appellant.

The issues consisted of a complaint in the usual form to recover for services rendered on the *quantum meruit* and an answer in general denial.

The only error assigned for reversal is the overruling of appellant's motion for a new trial, the causes alleged therefor being, that the decision of the court is not sustained by sufficient evidence, that it is contrary to law, and that the amount of recovery assessed is erroneous, being too large.

In that portion of her brief devoted to propositions, points and authorities, the appellant states four reasons why the court erred in overruling her motion for a new trial. They may be summarized as follows: First, that this is an action in assumpsit to recover on the *quantum meruit* for services rendered, that under the issues joined the burden rested upon the appellee to prove the reasonable value of the services rendered by her in the vicinity where so rendered; that the evidence failed to meet this requirement; Second, that the appellee was licensed to practice nursing in Dade County, Florida, that under the law such license conferred upon the appellee a license to practice her profession in Dade County only, that she could not recover for nursing services rendered outside said county, and that the evidence failed to show that the services for which she sought recovery were rendered in the county where she was licensed to practice nursing. Third, that this being an action in assumpsit on the *quantum meruit,* the appellee was required to make a demand on the appellant for payment of her claim before bringing suit to collect the same and that the evidence failed to show that any such demand was so made. Fourth, that

the court erred in assessing the full amount demanded, though there was no evidence to the contrary.

These several contentions are without merit. There is ample evidence in the record from which the court could determine the reasonable value of the appellee's services and that they were rendered in the city of Miami, Dade County, Florida. There is evidence in the record from which the court could find that the services were rendered by appellee for appellant upon the appellant's express promise that she would pay appellee therefor. Under such circumstances, it was the appellant's duty to pay appellee without a demand being made therefor before bringing suit. Although there may be some exceptions, the general rule is that, "a special demand is not necessary in any of those cases where the recovery may be had under the general counts." *Mattocks* v. *Lyman and Cole* (1844), 16 Vt. 113; *Field* v. *Brown* (1896), 146 Ind. 293, 45 N. E. 464. The instant case is not an exception to the general rule, Sec. 37, 4 Am. Jur. p. 523. The amount and value of the services as testified to by witnesses for the appellee was not contradicted or questioned by the appellant or any other witness called to testify in her behalf. The amount of the recovery assessed by the court is sustained by this uncontradicted evidence.

Finding no reversible error the judgment is affirmed.