DENNEY ET AL. *v.* PETERS.

[No. 15,586.  Filed November 2, 1937.  Rehearing denied January 3, 1938.]

*Richard L. Ewbank* and *D. D. Hensel,* for appellants.

*A. N. Du Comb* and *Joseph H. Davis,* for appellee.

WOOD, J.—This was an action by the appellee against the appellants to set aside a deed of certain real estate and for an accounting for rents and profits derived from the use of the real estate by appellants.

Appellee filed an amended complaint in one paragraph. The material and controlling allegations thereof may be summarized as follows: One Hannah Peters and appellee were husband and wife; all the appellants except Orpha Denney were surviving children of Hannah Peters by a former marriage. Orpha Denney was a surviving daughter of a deceased son of Hannah Peters by virtue of said former marriage. Hannah Peters died intestate August 26, 1932. She left an estate consisting of some real estate, a small amount of personal property, and a life insurance policy for the sum of $95.88. On September 15, 1932, the appellee, for the expressed consideration of $2,000 and other considerations, executed and delivered to the appellant, Sumner B. Denney and his co-appellants, a warranty deed conveying to them his interest in the real estate of Hannah Peters as her surviving husband, that previous to and at the time of the execution of said deed the appellee had sustained a confidential relation to Sumner B. Denney, had sought and received advice from said appellant regarding business affairs, had signed notes for him as surety and by reason thereof appellee had confidence in said appellant and was under his influence

and control in conducting his business affairs; that at the time when he signed, acknowledged and delivered said deed, he signed two or three papers and that Sumner B. Denney falsely and deceitfully represented to appellee that the papers he was signing were papers having to do with the appointment of Sumner B. Denney as administrator of the estate of Hannah Peters, deceased; that appellee was unable to read the papers which he signed and that Sumner B. Denney did not tell him that one of the papers which he signed was a deed conveying his interest in his deceased wife's real estate to appellants; that appellee was seventy-one years of age, was without education, inexperienced in business affairs and laboring under such a state of mental infirmities that he was incapable of understanding the nature and legal effect resulting from the signing and execution of said deed, which facts Sumner B. Denney well knew; that previous to the commencement of this action he tendered the amount of money received on the insurance policy to appellants, offered to return the personal property which he had received from them and demanded a reconveyance of the real estate; that the appellants had received the rents and profits derived from the use of said real estate since the date of the execution of the deed. The complaint closed with a prayer asking that the deed which appellee had executed to appellants be declared null and void; that it be set aside; that the appellants be required to reconvey the real estate to appellee and that upon their failure to do so, a commissioner be appointed to make said conveyance; that appellee's title to a one-third interest in said real estate be quieted in him as against the appellants; that appellants be required to account to appellee for one-third of the rents and profits derived from the use and occupancy of said real estate since August 26, 1932; that appellee have judgment for $1,000 "and for all

other relief just and proper in the premises." A demurrer to this complaint for insufficiency of facts was overruled. The appellants then filed an answer in general denial, a plea of payment, and a third paragraph alleging, in substance, that on September 15, 1933, the appellee was indebted for the funeral expenses of Hannah Peters in the sum of $539.26 to Sumner B. Denney in the sum of $192.14 for moneys loaned by him to appellee with which to pay expenses incident to the sickness of his wife, Hannah Peters; that the real estate in question was incumbered with mortgages in the execution of which appellee had joined; that Hannah Peters owned certain personal property at the time of her death, designating its character and a life insurance policy on her life in the sum of $95.88; that the appellee and Hannah Peters had both been married previous to their marriage and both had children by said previous marriages; that each of them desired that their several children and direct descending heirs should receive at their death the entire estate owned by him or her, respectively, and to that end they mutually agreed that neither of them should take or receive by inheritance or otherwise any interest in the estate of the other at the other's death, and each of them mutually and in consideration of mutual promises and covenants of the other waived and renounced all interest which he or she might otherwise have or receive in the estate which the other might own at the time of his or her death; that appellee excuted said deed for the purpose of carrying out and of giving legal effect to said mutual agreement; that as a further consideration for the execution of said deed appellees promised and agreed to assume and pay the items of expense above enumerated including the mortgage indebtedness upon the real estate, to deliver to appellee the money due on the policy of life insurance and to turn over to him certain personal property belonging to

Hannah Peters at the time of her death, all of which conditions and stipulations were set out in said deed; that the appellants upon receipt of said deed fully performed all the conditions therein imposed upon them.

The appellee filed a reply in general denial to appellant's second and third paragraphs of answer.

The parties agreed that this was a suit in equity, invoking the equity jurisdiction of the court and it was therefore submitted to the court for trial without a jury on the issues above outlined.

The court made a finding and entered judgment thereon in words and figures as follows: "Come now the parties each in person and by counsel and the Court having heretofore heard the evidence and argument of counsel, the Court now finds for the plaintiff on his complaint that he should recover on his complaint the sum of $900.00 together with his costs and charges in this cause laid out and expended. It is therefore considered and ordered that said plaintiff recover of and from the defendants, Charles E. Denney, John F. Denney, Ira E. Denney, Edward N. Denney, Orpha Denney and Sumner B. Denney the sum of $900.00 damages together with the costs and charges in this cause laid out and expended, taxed at $68.25."

Within proper time the appellants filed a motion for a new trial. After the rendition of judgment and after their motion for a new trial, but before it was ruled upon the appellants filed a motion for a *venire de novo.* Both of these motions were overruled. Appellants appeal assigning as error for reversal, first, the overruling of their demurrer to appellee's second amended complaint; second, the overruling of their motion for a new trial. The causes alleged for a new trial were, that the damages assessed were excessive, error in the assessment of the amount of recovery in that it was too large,

that the decision of the court was not sustained by sufficient evidence, and that it was contrary to law. The first assignment of error is waived.

It is the appellant's contention that under the issues joined by the parties in this action, the only questions which the court had before it for its consideration were of an equitable nature, and were, first, whether or not the appellee was entitled to have the deed which he executed to appellants on September 15, 1932, set aside for fraud, deceit, undue influence and mental incapacity as alleged in his complaint, and, secondarily, if the deed was set aside, was he entitled to an accounting by appellants for rents and profits alleged to have been received by them from the use and occupancy of the real estate in question; that the finding and judgment of the trial court awarding the appellee damages in the sum of $900 was outside the issues joined by the parties, was beyond the jurisdiction of the court invoked by the pleadings, therefore contrary to law; that upon the question of damages the appellants would have been entitled to a trial by jury, and that therefore the decision of the court was contrary to law.

In answer to appellant's contention the appellee says the trial court had authority to render judgment for damages against the appellants upon appellee's complaint which charges inadequate consideration, fraud, undue influence; that he had been damaged, prays for judgment for $1,000 and contains a prayer for general relief. We do not think that this answer is either sound or logical as applied to the record in the instant case:

"A plaintiff must recover upon the proof of the facts alleged, or he cannot recover at all. It will not do to allege one state of facts and then procure the court to find altogether different facts, and render judgment for a cause of action not within the issues joined on the

pleadings." *Gibraltar, etc., Co.* v. *Security Trust Co.* (1922), 192 Ind. 502, 506, 136 N. E. 636.

Our Supreme Court in the case of *Borders* v. *Williams* (1900), 155 Ind. 36, 40, 57 N. E. 527, stated the rule thus: "One of the rules obtaining in the circuit court is that the evidence must be confined to the facts in issue, and that the plaintiff must recover *secundum allegata et probata,* or not at all. It is said in *Boardman* v. *Griffin,* 52 Ind. 101, at page 106: 'It would be folly to require the plaintiff to state his cause of action, and the defendant to disclose his ground of defense, if, on the trial, either or both might abandon such grounds and recover upon others which are substantially different from those alleged.' "

For other cases adhering to this doctrine see *Hayes* v. *Carr, Admr.* (1882), 83 Ind. 275; *Brown* v. *Will* (1885), 103 Ind. 71, 2 N. E. 208; *Wayne, etc., Co.* v. *Hammons* (1891), 129 Ind. 368, 27 N. E. 487; *Indiana, etc., Co.* v. *Carnithan* (1916), 62 Ind. App. 567, 109 N. E. 851.

Appellee calls our attention to the fact that the prayer of his complaint asks for damages and "for all other relief just and proper in the premises," and that therefore the court sitting as a court of equity was authorized to award him damages. In this appellee is in error. The theory of a pleading is controlled by its leading allegations, the prayer is merely advisory. *Grover* v. *Marott* (1922), 192 Ind. 552, 136 N. E. 81, and authorities there cited. The inclusion of the phrase "for all other relief just and proper in the premises" in the prayer of appellee's complaint cannot be construed as a license to the court to go outside the issues tendered and award judgment of a species not comprehended within them.

Appellee also directs our attention to those cases which hold that an action seeking legal and equitable

relief may be embraced within the same complaint. That rule of practice is not questioned but an examination of the cases announcing the rule will disclose that the complaint under investigation in those cases consisted of separate paragraphs, some seeking equitable relief, others seeking relief on the law side of the court. While the litigant may by resorting to separate paragraphs of pleading in the same complaint seek to obtain relief on either the equity or law side of the court, it is so thoroughly settled that each paragraph of a pleading must be predicated upon a single theory, that the citation of authority is unnecessary, and on the trial of those paragraphs of complaint lying on the law side of the court the litigant is entitled to a trial by jury. *Field* v. *Brown et al.* (1896), 146 Ind. 293, 45 N. E. 464.

In the case under consideration there is but one paragraph of complaint and all parties agree that it, together with the issues joined thereon invoked the equitable jurisdiction of the court.

It follows as a necessary sequence then, that under the issues joined it was the trial court's duty to first determine whether or not the appellee was entitled to have the deed of conveyance set aside for the causes alleged in his complaint, and if from all the facts and circumstances disclosed by the evidence it should find and determine that the deed should be set aside and the title in the real estate restored to appellee, then second, as a correlate, to require the appellants to account to the appellee for the rents and profits, if any, received by appellants during the period of time they enjoyed the possession of the real estate.

It further follows as a necessary sequence, that if under the issues joined, the trial court did not find that the appellee was entitled to have the deed set aside and the title in the real estate restored to him, that under

such circumstances the duties of the trial court were at an end, for if the appellee was not entitled to have the deed set aside and the title in the real estate restored to him, then of course he was not entitled to have an accounting from the appellants for any rents and profits which they may have received from their possession and use of the real estate.

The trial court did not find on the issues joined, that the appellee was entitled to have the deed set aside and the title in the real estate restored to him, so that point was never reached in the trial of the cause where a basis was established, authorizing or requiring an accounting by appellants for rents and profits, which was a matter merely incidental to the paramount and primary purpose of the action. There is, therefore, no foundation upon which to rest the judgment as an award for rents and profits.

But the appellee says that the judgment must stand for another reason, namely: that there was evidence from which the court could find that the consideration for the execution of the deed had never been fully paid to the appellee and that the sum of $900 was still due and owing to him from appellants. Again appellee's contention is unavailing. An action to recover the balance of the consideration alleged to be due appellee for the execution of the deed would of necessity have to be predicated upon the assumption that the deed was valid and binding upon all parties thereto; would of necessity have to be brought upon the law side of the court, and the parties would be entitled to a trial by jury. Furthermore, this contention is wholly inconsistent with the position assumed by the appellee in the instant case instead of affirming the deed and bringing an action for the balance of the consideration alleged to be due him, he repudiated the deed as having been ob-

tained from him by fraudulent means and demanded a reconveyance of the real estate from appellants to him, and on refusal of appellants to comply with his demand brought an action to cancel and set aside the deed. Under such a set of facts and circumstances the trial court sitting in equity was without jurisdiction to award the appellee damages as in an action at law.

Other questions are presented for our consideration in appellant's brief, but the conclusion which we have reached makes it unnecessary for us to discuss them.

The decision of the lower court was contrary to law. The judgment is reversed with instructions to sustain appellant's motion for a new trial.