FERGER *v.* PERINE OIL REFINING CO., INC.

[No. 17,857.    Filed February 14, 1950.    Rehearing denied March 21, 1950.]

Royse, J., not participating.

*Leo X. Smith, John F. Watkins* and *Owen S. Boling,* all of Indianapolis, for appellant.

*Raymond F. Murray,* of Indianapolis, for appellee.

CRUMPACKER, J.—The appellant is the owner of lots numbered 146 and 147 in Hasselman Place, Second Section, an addition to the city of Indianapolis, as per the plat thereof recorded in Plat Book 15, page 9, in the Recorder's office of Marion County, Indiana. These lots front on the west side of College Avenue in said city and are located approximately 98 feet south of Fairfield Avenue. They are 60 feet wide, along the street, and 131 feet deep to an alley running north and south through the block. On April 11, 1940, there were, and are now, two buildings on the west or alley end of these lots which occupy somewhat less than one-fourth of the total area thereof.

On said 11th day of April, 1940, the appellant and the appellee entered into a written agreement whereby the appellant ostensibly leased these entire lots to the appellee. Said lease contains the following option agreement: "In consideration of the execution of this lease and rentals to be paid thereunder the lessor hereby gives the lessee, its successors and assigns, an option to purchase the premises herein leased at any

time during the term of this lease or any renewal or extension thereof, for the sum of ninety-five hundred ($9,500) dollars cash."

The appellant brought this action to reform that part of said lease which describes the property involved. His complaint alleges that it was the intention of both him and the appellee to lease only that part of said lots as is unoccupied by the buildings above described but by mutual mistake the entire lots were described in the lease as finally executed. He asks that such description be reformed to exclude the buildings and the land upon which they stand. In no other respect does he complain of the lease as written and executed. The appellee answered this complaint by saying, in substance, that no mistake was made. That it was the intention of both parties to lease the entire lots, including said buildings, and that the lease as executed expresses the true agreement between them.

The trial court found the facts specially and stated the following conclusions of law thereon: "The court therefore finds as a conclusion of law that the law is with the plaintiff as to the rents to be secured from the premises during the period of the lease and that the law is with the defendant as to the option to purchase the whole of said lots 146 and 147 in Hasselman Place, Second Section, as set out in the pleadings." Upon these conclusions the court entered judgment "that the lease and option to purchase be not reformed as to the right of the defendant to its option and that the plaintiff is entitled to the rents and profits from the buildings and parts of buildings that were on said premises, consisting of two lots, so long as the option to purchase is not exercised by the defendant." In other words the court concluded, and so decreed, that as long as the relation of landlord and tenant exists between the parties by virtue of the lease

in question, the appellant is entitled to all rents and profits derived from the buildings on the rear of property described in said lease but if and when the appellee exercises its option to purchase it is entitled to take the entire property including the buildings. In our opinion these conclusions and the consequent decree are wholly outside the issues.

An analysis of the pleadings discloses that there is but one issue involved in this litigation. Does the lease in question correctly describe the property the parties intended to lease or by mutual mistake was said description made to include property not intended to be leased by either party? There is no affirmative pleading on the part of either the appellant or the appellee that seeks the recovery of rents and profits or asks an adjudication of the rights of the parties in respect thereto. There are, it is true, numerous allegations concerning rents and profits in the pleadings but obviously they constitute nothing more than the pleading of evidentiary matter tending to prove the intention of the parties concerning the extent of the property leased.

Nor, as we view it, is the option clause contained in the lease involved in this litigation except incidentally. Neither party is asking for its reformation in any respect. It covers the property leased according to the true intention of the parties and no one contends otherwise. Its significance is purely collateral to the real issue. If the appellant is right in his contention concerning the property leased then the appellee's option to purchase does not include the buildings and the land upon which they stand. If the appellee is right, its option covers the entire lots including said buildings. In either event the option clause stands just as it is written.

We recognize the doctrine that a court of equity has a broad discretion in framing its decrees in order to adapt the relief to the circumstances of the particular case but such discretion is limited to relief based on the issues raised by the pleadings and supported by the evidence. "As nothing is in issue unless it is raised by the pleadings the decree must conform not only to the evidence but also to the pleadings." 30 C. J. S., Equity, § 604, and cases cited. See also *Denney* v. *Peters* (1938), 104 Ind. App. 504, 10 N. E. 2d 754. That there was any difference between the property leased and the property optioned was not advocated by either party by way of pleading or proof yet the court's decree draws such a distinction and to that extent makes and enforces a new contract between the parties. In effect it reforms the lease in suit in a manner sought by neither party and leaves the real issue between them undecided.

Judgment is reversed with instructions to either sustain the appellant's motion for a new trial or, if it appeals to the discretion of the court as being just and proper, to proceed as provided by Rule 1-8.

Royse, J., not participating.

NOTE.—Reported in 90 N. E. 2d 131.